### In the matter of Dyer, an infant.

A guardian of an infant who is under fourteen, appointed by the court of chancery, continues such guardian until the infant is twenty-one years of age, unless sooner removed by the court appointing him ; and the infant, upon arriving at the age of fourteen, cannot have a new guardian appointed as of course.

The court of chancery has concurrent jurisdiction with a surrogate in removing a guardian appointed by the latter, for the causes specified in the revised statutes on that subject ; but the surrogate has no jurisdiction to remove or discharge a guardian appointed by the court of chancery, or to compel such guardian to account, either before or after his removal by the court appointing him.

A surrogate has no authority to remove a guardian, or to accept the resignation of a guardian appointed by himself and appoint another in his place, or to compel a guardian to account, except in the particular cases specified in the statute on this subject.

Where the surrogate appointed a new guardian in the place of the guardian appointed by the court of chancery, and proceeded to settle the account of the old guardian ; *Held,* that the whole proceedings were void for want of jurisdiction.

January 19.    THIS was an application to the chancellor, to discharge and cancel a mortgage given to the register of this court by

Cerret T. Lansing, as the general guardian of the person and estate of Thomas Dyer, an infant, appointed by the court of chancery in 1828, to secure the amount due from him as such guardian, upon payment of the balance due from him to the new guardian appointed by the surrogate. It appeared, from the papers presented on the application, that after the infant had arrived at the age of fourteen years, he applied to the surrogate of Albany county, who appointed a new guardian in the place of the guardian appointed by the court of chancery ; and proceeded to take the account of the former guardian, as if such guardian had been originally appointed by such surrogate.

*W. W. Frothingham,* for the petitioners.

THE CHANCELLOR. The surrogate had no jurisdiction or authority, in this case, to appoint a new guardian in the place of the one appointed by the court of chancery. And the appointment of such new guardian, and the taking of the account of the old guardian, by the surrogate, were both unauthorized and void. In the case of *Nicoll, an infant,* (1 *John. Ch. Rep.* 25,) Chancellor-Kent decided that a guardian, appointed by the court of chancery, for an infant under the age of fourteen, continued until the infant arrived at twenty-one, unless such guardian was removed by this court upon good cause shown ; and that the infant could not have a new guardian appointed, as of course, on his arriving at the age of fourteen. This court may remove a guardian appointed by a surrogate, for good cause shown. It has, in this respect, concurrent jurisdiction with the surrogate, since the revised statutes have given jurisdiction to the surrogate to remove a guardian appointed by himself, on proof of the incompetency or misconduct of the guardian. But the surrogate has not concurrent jurisdiction with the chancellor, to remove or change a guardian appointed by the court of chancery, or to compel such a guardian to account, either before or after such removal. The guardian appointed by the surrogate only continues until the infant arrives at the age of fourteen, and until another guardian is legally appointed ; and if a guar-

dian so appointed is superseded by the appointment of a new guardian, or is removed by the surrogate appointing him, for incompetency or misconduct, such surrogate has jurisdiction to compel the guardian to account, concurrent with the court of chancery. But the surrogate has no authority to call any guardian to account, or to discharge or remove a guardian, except in the particular cases specified in the statute ; or even to accept the *resignation* of a guardian appointed by himself and to appoint another in his place—the surrogates, in this respect, taking no incidental power or constructive authority, by implication, which is not expressly given by statute. (*Matter of Andrews*, 1 *John. Ch. R.* 99. 2 *R. S.* 220, § 1.) If a guardian appointed by this court has wasted the estate of his ward, or has become incompetent or irresponsible, an application must be made here to remove him, and to compel him or his sureties to account. Until he is so removed, no new guardian can be appointed in his place. The mortgage which this guardian has given cannot therefore be discharged upon this application.

Petition dismissed.