CATTARAUGUS COUNTY.—HON. ALFRED SPRING, SURROGATE.—March, 1884.

WELCH v. GALLAGHER.

*In the matter of the general guardianship of* MARY WELCH *and others, infants.*

A Surrogate's court has no jurisdiction to determine a disputed claim of a third person, against the general guardian of the property of an infant, in his official capacity. The reason is the same as in the case of a claim against the estate of a decedent, which is disputed by the executor or administrator—the absence of any grant of power in the statute.

The only authority conferred by the Code of Civil Procedure, upon a Surrogate's court, to compel, at the instance of any person, the general guardian of the property of an infant to account, is contained in § 2847, whereby it is provided that a petition for such purpose may be presented by the ward after attaining majority, his executor or administrator, or the guardian's successor.

Section 2846 of the Code of Civil Procedure, which permits the Surrogate to direct the disposition of the infant's property for his education and maintenance, upon the application of any person in his behalf, does not provide for the payment of a debt already incurred.

PETITION by Bridget Welch to compel the general guardian of her infant children's property, to pay her alleged claim against said guardian in his official capacity, to wit, the sum of about $800 for the board, apparel, etc., of those infants.

W. G. LAIDLAW, *for petitioner.*

AINSLIE & DAVIE, *for general guardian.*

THE SURROGATE.—This proceeding is instituted upon the petition of Bridget Welch to compel the general guardian of her infant children to account, and to pay an alleged claim held by her against said guardian.

The guardian disputes the validity of this claim, and moves the dismissal of the proceeding, on the grounds that it is not authorized by statute, and that the Surrogate has no jurisdiction to litigate, and pass upon, a disputed claim. The objections are tenable. The supervision over guardians possessed by the Surrogate, and his power as to the settlement of their accounts, are purely statutory, and must be exercised within the limits of the statute (Matter of Dyer, *5 Paige, 534*).

Sections 2842–2845 of the Code of Civil Procedure provide for the filing of an annual inventory and account by a guardian, and for their examination by, or under the direction of, the Surrogate, and vest him with the authority to require the filing thereof, and the rendition of a more "full or satisfactory" account, etc., if the interests of the ward seem to justify it. These proceedings are *ex parte*, and are made wholly dependent upon the Surrogate for their fulfilment. They are not based upon any petition by an interested

party, and could not be *required* at the instance of any
one.  The statute did not contemplate these proceedings
as the basis of a creditor's application to get his debt,
nor as a judicial settlement of the guardian's accounts
(see Diaper v. Anderson, *37 Barb.*, *168*), but provided
them to protect the ward's estate, and prevent its dissi-
pation through the carelessness or malfeasance of the
guardian.

The only authority found in the Code for the com-
pelling of an account of a guardian on the application
of any one is section 2847.  That section provides that
the ward, "after he has attained his majority," an
"executor or administrator of a ward who has died,"
or the "guardian's successor" may present a petition
praying for a judicial settlement of the accounts of a
general guardian.  The case under consideration does
not come within the compass of this section.  The peti-
tioner is not one of the persons named, upon whose
application the proceedings can be entertained.

Section 2846 of the Code of Civil Procedure simply
authorizes the use of the infant's property for his edu-
cation and maintenance upon the application of any
person in his behalf.  That section certainly does not
provide for the payment of a debt already incurred.
Such is not its purpose, and its language cannot be
tortured into any such meaning.

There is another insuperable objection to this pro-
ceeding.  The claim presented by the petitioner, and
which is the foundation of the application, and pay-
ment of which is sought by her, is disputed by the
guardian.  The Surrogate's court has no power to ascer-
tain and determine a claim of this kind (Tucker v.

Tucker, *4 Keyes, 136;* Stilwell v. Carpenter, *59 N. Y., 414, 424;* McNulty v. Hurd, *72 N. Y., 518).*

There is nothing in the Code of Civil Procedure enlarging the power of the Surrogate over disputed claims (Greene v. Day, *1 Demarest, 45;* Giles v. De-Talleyrand, *id., 97).*

These cases arose against an administrator or executor, but the *want of power* in the statute was the reason for deciding that the Surrogate's court did not possess jurisdiction, and as there is nothing in the statute investing the court with such power in case of a claim presented to, and disputed by, a guardian, it follows that the Surrogate cannot adjudicate upon such a claim. His authority over a guardian is defined by the statute and cannot be extended to cases outside the scope of this power.

There is nothing in the petition alleging misconduct on the part of the guardian, or asking for his removal, so that jurisdiction is not acquired for that purpose. The proceedings should be dismissed with ten dollars costs, and I so direct.