## In re STOEHR'S ESTATE.

## In re HAMPTON.

(Surrogate's Court, Orange County.  February 1, 1893.)

SURROGATES' COURTS—JURISDICTION—CLAIMS AGAINST INFANTS.
  Neither Code Civil Proc. § 2846, authorizing surrogates' courts to determine claims for support of minors, nor section 2472, subd. 7, authorizing them to compel payment by a guardian of money of the ward, authorizes

a surrogate's court to compel a general guardian to pay a claim for services rendered by a guardian ad litem in caring for the ward's property, where the validity of the claim has not been established.

Proceeding by J. C. Hampton to compel the general guardian of Bertha Stoehr, a minor, to pay a claim for services rendered, as guardian ad litem, in litigation concerning the minor's estate. Proceeding dismissed.

John R. Devany, for petitioner.
George G. Keeler, for guardian.

COLEMAN, S. This was a proceeding to compel a general guardian to pay an alleged claim for services rendered and expenses incurred by the petitioner, as guardian ad litem of the minor, in certain litigation, which resulted in securing the property now in the control of the general guardian. The general guardian, by her answer, disputes and denies the justness and validity of this claim. It is well settled that the surrogate's court has no power to hear and determine the validity of a disputed demand against an estate of a deceased person, except when made by executors or administrators; and there seems to be the same lack of statutory power to determine as to claims against the estate of minors, except as it may be given by sections 2846 and 2472, subd. 7, which are hereinafter referred to. In the case of Welch v. Gallagher, 2 Dem. Sur. 40, it was held that the surrogate's court had no power to determine a disputed claim for board and apparel of an infant. In Re Kerwin, (Sup.) 14 N. Y. Supp. 353, it was held by the general term, fifth department, that section 2846, above mentioned, gave the surrogate's court power to determine controversies upon demands for support of minors, and, under section 2472, to compel the payment and delivery of money or other property belonging to wards, and, in cases specially prescribed by law, to control the conduct of guardians. That was a proceeding to compel the guardian of the property to pay a third person an amount owing for the support of the minor under an agreement made with the guardian of the person; and it was there decided that it was the duty of the surrogate, in that particular instance, to inquire into the matter, and grant or refuse the petitioner's application upon the merits. It will be noted that the circumstances "in this particular instance" were peculiar, and it very far from establishes the general principle that the surrogate's court is given, by the sections referred to, the general power to determine all disputed claims against a minor's estate. By section 2472, subd. 7, the surrogate is given the power to compel a guardian to pay over money, and deliver property, belonging to his ward. Such payment or delivery must, however, of necessity, be made to a party having an established right thereto, in some tribunal having authority to establish that right; and the surrogate may thereby also control the conduct of guardians, but only in cases specially prescribed by law, and there surely is no law requiring a guardian to pay a claim which he disputes, until that claim has been properly adjudicated. The demand of the petitioner

in this case is not for the "support and education of the infant," but is for money and services alleged to have been expended and rendered in the care of the infant's property. Whether this was so done, this court is not given the power to settle and determine, and these proceedings will therefore be dismissed, but without costs.