### In re WHITE.

(Supreme Court, Appellate Division, Second Department. May 2, 1899.)

1. GUARDIAN AND WARD—INFANTS—APPOINTMENT OF GUARDIAN.
   Where a father has mismanaged his infant child's estate, and been adjudged in contempt for failure to obey orders of the court in connection therewith, a third person is properly appointed general guardian of the estate of the infant.

2. SAME—POWER OF SUPREME COURT.
   Sup. Ct. Rule 52 provides that, except where otherwise provided by law, an infant of 14 or over may petition the court to appoint a general guardian, designating him by name. Code Civ. Proc. § 2827, provides that the cases in which a temporary guardian for an infant under 14 may be appointed, and the proceedings therefor, shall be the same as prescribed for the appointment of a general guardian of an infant of 14 or over, except that the surrogate must nominate, as well as appoint, the temporary guardian. Held not to limit the supreme court's authority to appoint another person than the father as general guardian of the estate of the infant, though the infant petitioned for the appointment of his father.

Appeal from special term, Kings county.

Frederic Hall White petitioned for the appointment of his father, Josiah J. White, as guardian of his person and estate. The petition was granted; but, on subsequent petition of the Long Island Loan & Trust Company, the order appointing the father was revoked and the trust company substituted as guardian, and the father appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Delano C. Calvin, for appellant.
George S. Ingraham, for respondent.

HATCH, J. Prior to the appointment of Josiah J. White as the guardian of his infant son Frederic Hall White, the Long Island Loan & Trust Company had been appointed temporary guardian of the person and estate of said infant. Subsequently said infant, having arrived at the age of 14 years, petitioned the supreme court for the appointment of his father, the said Josiah J. White, as the guardian of his person and estate. In such petition was averred in detail the real and personal property of said infant, and in connection therewith was presented to the court an affidavit of the father, stating that the petition specified all the property of the infant within this state and belonging to the jurisdiction of the court, as far as the affiant knew or was able to ascertain. Upon this petition and affidavit, the

court made an order appointing the father as guardian of the person and estate of said infant. Subsequently, and upon the petition of the Long Island Loan & Trust Company, the former order appointing the father as guardian was revoked, and the petitioner was appointed guardian of the estate of said infant. So far as the record discloses, the basis of the order of revocation and the appointment of the petitioner as guardian of the property was made to rest upon the fact that Josiah J. White had been guilty of misconduct in connection with the property and estate of the infant, had failed to obey the orders of the surrogate's court of Kings county in connection therewith, had been adjudged guilty of contempt of said court, and by reason of such failure to obey its orders had been fined and imprisoned. It was also made to appear that the estate of the infant was very much larger than was stated in the infant's petition or in the affidavit of the father. In view of these facts, the learned court below which had made the order appointing the father as guardian of the infant, upon his petition, felt constrained to revoke such appointment, and appoint the petitioner as guardian and custodian of the property of the infant.

It is unnecessary for us to review the facts which appear in the record and which form the basis of the latter order. It is sufficient to observe that upon the facts the court was entirely justified in making the order appealed from, and we are only called upon to consider the question of the court's power to make such order. In the usual course of proceedings with respect to the guardianship of infants, the father, being the natural guardian, is ordinarily appointed custodian of the infant and his property, and it is also true that, when the infant has arrived at the age of 14 years, the law recognizes in him a sufficient capacity to designate the guardian. In a proper case, the desire of an infant who has attained the age of 14 years, and who is capable and competent to exercise discretion, will be recognized, and, if the father be a proper person, he is appointed as matter of course. Such result the law contemplates for reasons clearly apparent and not necessary for us now to state; but such usual course of procedure is by no means an absolute rule of law. On the contrary, both the person and estate of an infant are at all times subject to the control of the court. The jurisdiction of the supreme court on such subjects has been exercised from the earliest times. The power was possessed by the court of chancery, and belongs by succession to the supreme court. Ex parte Crumb, 2 Johns. Ch. 438; In re Dyer, 5 Paige, 534; Underhill v. Dennis, 9 Paige, 202; People v. Walts, 122 N. Y. 238, 25 N. E. 266. Such power is full, ample, and complete, and is to be exercised as occasion and necessity require. For the purpose of establishing an orderly course of procedure in respect of such matters, rules have been adopted, and concurrent jurisdiction with the supreme court has been vested in the surrogate's court. Sup. Ct. Rule 52; Code Civ. Proc. § 2827. But neither rule nor Code provision has in any way limited the jurisdiction of the supreme court over the person and estate of infants, and this without regard to age. In re Dyer, supra; Cole v. Gourlay, 79 N. Y. 527. Having regard to the necessity of the case, the supreme court may exercise direct authority, and make such orders as appear to it to be necessary for the best interest

of the infant and of his estate. People v. Weissenbach, 60 N. Y. 385; People v. Walts, supra; In re King, 42 Hun, 607.

In the present case the court had undoubted authority to vacate its former order, and appoint the petitioner guardian of the estate of the infant; and, upon the facts presented in the record, we have no hesitation in affirming such order. It would be quite proper for the court to consult the personal wishes of an infant before appointing his guardian; and, when the infant has arrived at the age of 14 years, he is presumed to have sufficient discretion to make designation of a guardian, as we have already observed. In such case, in usual course, the court would require some act upon the part of the infant expressive of his desire in the premises. Sup. Ct. Rule 52 contemplates a petition upon the part of the infant; and, where the removal of a guardian is sought to be accomplished, the right of the infant to a hearing should be protected, and his desire should be given due weight. In the present case, however, both the father and the infant were given full notice, had opportunity, and were heard. Both parent and child insisted that the father should be continued as guardian, the latter asserting that he would "not consent to the appointment of any other person than his said father as his guardian." Under these circumstances, the court was called upon to exercise its power and name the guardian. The propriety of the selection is quite apparent, and should have the support of this court.

The order appealed from should therefore be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.