(75 Misc. Rep. 436.)

## In re ALDEN'S WILL.

(Surrogate's Court, Greene County.   January, 1912.)

1. EXECUTORS AND ADMINISTRATORS (§ 202*)—CLAIMS AGAINST ESTATE—VA-
LIDITY.
    Where the husband of testatrix, while a life tenant of her estate, used no part thereof for his support, an agreement between him and claimant for his care and support creates no legal liability against the estate of testatrix.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 730, 738–745, 748, 754, 763; Dec. Dig. § 202.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EXECUTORS AND ADMINISTRATORS (§ 250\*)—CLAIMS AGAINST ESTATE—JURIS-
    DICTION.
        Where an executor denies that he made any agreement to pay a claim-
    ant for the care and support of the husband of his testatrix, the surro-
    gate has no jurisdiction to determine the executor's liability, but it must
    be established in an action against him individually.
        [Ed. Note.—For other cases, see Executors and Administrators, Cent.
    Dig. §§ 893–895; Dec. Dig. § 250.\*]

Judicial settlement of the account of the executor of Eliza Alden,
deceased. Proceeding to establish a claim of Fannie Hood against the
decedent's estate for care and board of John S. Alden. The claim
was presented to the executor of Eliza Alden, and by him disputed,
and a stipulation was made for the hearing and determination of the
claim on judicial settlement of the account of the executor. Pro-
ceeding dismissed.

Percy W. Decker, for claimant Hood.
E. Raymond, for heirs at law and next of kin of Isabella Parks.
Betts & Betts, for executor.

TALLMADGE, S. Eliza Alden died March 1, 1899, leaving a last
will and testament, which, among other things, provides as follows:

"I give, devise and bequeath to my husband, John S. Alden, the use, interest
and income of all the property of which I may die seized whether real or per-
sonal. And, in case the said use, interest and income be not sufficient for the
proper maintenance and support of my said husband, John S. Alden, then I
do hereby authorize and require the executor of this my last Will and Testa-
ment to use from the principal sum whatever amount may be necessary for
his said proper support and maintenance, during his natural life."

On the death of John S. Alden, the remainder of the estate was
given to Isabella Parks, and, in case of her death, to the heirs at law
and next of kin of Isabella Parks. Abner Alden was appointed ex-
ecutor of the will. Isabella Parks died July 17, 1900. John S. Alden
died March 10, 1910.

[1] John S. Alden resided in the family of Fannie Hood from
March 20, 1904, to March 20, 1910. During the lifetime of John S.
Alden no part of the estate of Eliza Alden, either principal or inter-
est, was used toward supporting the life beneficiary.

The claimant contends that an agreement was made between John
S. Alden and herself for payment for his board and maintenance, and
that Abner Alden also agreed to pay for such board and maintenance.
Abner Alden denies that he made such an agreement. If an agree-
ment was made between Fannie Hood and John S. Alden, such an
agreement does not create a legal liability against the estate of Eliza
Alden.

[2] The executor denies that any contractual relation existed be-
tween himself and the claimant. Had the executor acknowledged a
liability on his part to pay for such board and care, and had he paid
the claim under the terms of the will of Eliza Alden and presented
the same in his account, this court would have had the right to pass
upon the same, even though objections had been filed by a contestant,

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as incident to the right of the surrogate to pass upon disputed matters in reference to the account of an executor. The executor having denied the indebtedness, has the surrogate jurisdiction to hear and determine such a controversy? This is not an account against an estate, but an account claimed to have accrued after the death of the decedent; and, if such account accrued or an indebtedness arose, it must have so accrued or such indebtedness have arisen by reason of some arrangement or agreement made by the executor of the estate of Eliza Alden, deceased; and, when the executor comes into court denying liability, the Surrogate's Court has no jurisdiction to determine such a question. The Surrogate's Court is a court of limited jurisdiction, and is not a forum for the purpose of hearing issues of fact between the executor and other parties; and, if any indebtedness is claimed to exist against such executor, an action must be brought in some court having jurisdiction to hear and determine such claim. Prior to 1895, a claim against a decedent's estate could not be heard and determined by a surrogate; and it was only by the amendment of section 1822 of the Code of Civil Procedure that Surrogates' Courts had the right to hear and determine disputed claims after parties had stipulated that such claims might be heard upon judicial settlement of the account of the legal representative. This amendment only provides for a stipulation for the hearing of claims against "an estate of a decedent." If the intention was to confer jurisdiction to try and determine claims generally, when consent of the parties was given, such intention would have been more clearly expressed. Until such amendment was made, the policy of the law had been to withhold all jurisdiction from the Surrogate's Court to try and determine disputed claims against estates. It would seem, therefore, that this amendment should be strictly construed and held to confer no new jurisdiction other than that clearly provided. Clark v. Hyland, 88 App. Div. 392, 84 N. Y. Supp. 640.

What, then, is meant by a claim against "an estate of a decedent?" In Austin v. Munroe, 47 N. Y. 360, the court say:

"The rule must be regarded as well settled that the contracts of executors, although made in the interest and for the benefit of the estate they represent, if made upon a new and independent consideration, as for services rendered, goods, or property sold and delivered, or other consideration moving between the promisee and the executors as promisors, are the personal contracts of the executors, and do not bind the estate, notwithstanding the services rendered, or goods or property furnished, or other consideration moving from the promisee, are such that the executors could properly have paid for the same from the assets, and been allowed for the expenditure in the settlement of their accounts. The principle is that an executor may disburse and use the funds of the estate for purposes authorized by law, but may not bind the estate by an executory contract, and thus create a liability not founded upon a contract or obligation of the testator. * * * The rule is too well established in this state to be questioned or disregarded; and any departure from it would be mischievous."

This same rule of law is recognized in O'Brien v. Jackson, 167 N. Y. 31, 60 N. E. 238. It is therefore apparent that, if the claimant has a claim for board and care of John S. Alden, it is a claim against

135 N.Y.S.—33

the executor individually, as it was not a claim against Eliza Alden at the time of her death.

In Genet v. Willcock, 93 App. Div. 588, 87 N. Y. Supp. 938, the court considered the question as to the right to refer a claim under section 2718 of the Code of Civil Procedure. In that case a claim was made for funeral expenses, which was held to be a claim against the executor, personally, and not in his representative capacity; and for that reason it was decided that it was not a debt due from the intestate, and therefore the surrogate had no right to make an order of reference under section 2718 of the Code, as the statute limits such a right to claims which existed against the intestate.

In Skidmore v. Post, 32 Hun, 54, at page 56, Pratt, J., writing the opinion, says:

"All that is required by the statute is that the claim must be one which existed against the deceased during his lifetime, or would have existed against him had he lived. Claims against the executor or administrator individually and growing out of the administration of the estate are not referable under the statute for the reason that they arise after the decedent's death."

In Riggs v. Cragg, 89 N. Y. 489, it is held that, unless a warrant for the jurisdiction exercised by the surrogate in the case can be found in the statute, either expressly or by implication, the whole proceedings are void.

The statute conferring power upon Surrogates' Courts does not give them the right to hear and determine claims of any character against a decedent, excepting a claim in favor of the legal representative, and "claims against a decedent" after a stipulation has been made between the claimant and the legal representative that such claim may be heard and determined in Surrogate's Court on judicial settlement of the account of such legal representative.

In Welch v. Gallagher, 2 Dem. Sur. 40, and Estate of Stoehr, 23 N. Y. Supp. 280, it was held that, where a claim for the support of an infant was presented to his general guardian and was disputed by the general guardian, the Surrogate's Court had no jurisdiction to determine such disputed claim.

I am of the opinion that, if the claimant is entitled to recover for board and care of John S. Alden during his lifetime, a cause of action exists against the executor personally, and it cannot be heard and determined in Surrogate's Court; but such liability must be established in some other form, and that this proceeding should be dismissed without costs to either party, and that the distribution of the funds in the hands of the executor of Eliza Alden, deceased, should be deferred until the adjustment of the claim here considered, providing a proceeding is instituted for the purpose of establishing such claim within a reasonable time.

Decreed accordingly.