## Matter of STILLMAN INFANTS.   ·

(Surrogate's Court, New York County, November, 1921.)

Guardian and ward — infants — divorce — when mother and another will be appointed coguardians of the property of infants — when Surrogate's Court will not make order appointing guardian of the person of infants pending a divorce action.

Where, in a pending action for a divorce, the court has made an order as to the custody of infant children, the Surrogate's Court having due regard to the orderly course of procedure will make no order relating to the guardianship of the person of said infants.

Where the answer to the petition of each of said infants for the appointment of their mother as guardian of their person and estate alleges that the father has in his possession certain property belonging to each infant and that the mother is " wholly without experience in business affairs or in the management or investment of property and is, therefore, not a proper and suitable person to be appointed guardian of the property of said infants," the best interests of the infants will be served by appointing the mother jointly with another well fitted to assist and advise her in administering the property of the infants, and it is so ordered.

APPLICATIONS for appointment of general guardian.

John F. Brennan, for petitioner.

Cornelius J. Sullivan, for respondent.

COHALAN, S.  These are two applications for the appointment of a general guardian.  James Stillman,

Surrogate's Court, New York County, November, 1921.    [Vol. 117.

an infant over the age of fourteen years, petitions for the appointment of his mother Anne U. Stillman as guardian of his person and estate. The mother petitions for her own appointment on behalf of Alexander Stillman, an infant under the age of fourteen years. The father of the infants, James A. Stillman, opposes the appointment of the mother as general guardian of the person upon the ground that in an action between the parents pending in the Supreme Court, Putnam county, one of the issues to be determined is the proper custody of these infants. The Supreme Court has made an order which, among other things, provides as follows:

" That the children, Anne, James and Alexander Stillman, during the pendency of this action may, from time to time, severally elect in the custody of which parent they shall be, and the parent in whose custody they shall be shall, during the time they are in such custody, pay for their education, maintenance and support."

Because of the pendency of this action, in which the Supreme Court has made an order as to the custody of the children, I am not inclined to make any order relating to the guardianship of the person of said infants. I do not think the Surrogate's Court should make any order or decree that might be construed as conflicting in any way with the order of the Supreme Court. Guardianship of the person implies control and custody of the person of the infants. As this is one of the issues to be determined in the Supreme Court action, the fact that the Supreme Court first assumed jurisdiction of this issue and a due regard for the orderly course of procedure impel me to deny this part of the two applications.

The answer in each proceeding alleges that the father has in his possession certain property belonging

Misc.]    Surrogate's Court, New York County, November, 1921.

to each infant and alleges that the mother is " wholly without experience in business affairs or in the management or investment of property and is therefore not a proper and suitable person to be appointed guardian of the property of said infant." On the other hand the fact that the father is the custodian of property belonging to the infants, which consists of securities which came to the infants as birthday and Christmas gifts from their father and both grandfathers, renders it advisable, because of the possible adversity of interest, that some one other than the father be appointed general guardian of the infants' estate, as occasion may arise which may render it necessary that inquiry into the investment of such property should be made on behalf of the infants.

As the mother of the infants is alleged to be inexperienced in business matters I think the best interests of the infants will be served by joining some other person with her in the guardianship of the property. I therefore will appoint Anne U. Stillman as guardian of the property and will join with her as coguardian of the infants' property John F. Brennan, Esq., an attorney of broad experience and well fitted to assist and advise the mother in administering the property of the infants.

Ordered accordingly.