In the Matter of the Application for Letters of Guardianship of the Person and Estate of VINCENT YARDUM, JR., an Infant. VINCENT YARDUM, Appellant;

---

* This decision was amended on April 2, 1930. (See 229 App. Div. ——.)— [REP.

† See Laws of 1901, chap. 466, § 505.— [REP.

MARGUERITE YARDUM, as General Guardian of the Person of VINCENT YARDUM, JR., an Infant, etc., Respondent.— Decree of the Surrogate's Court of Westchester county, in so far as appealed from, reversed upon the law and the facts, without costs, and application denied, without costs. We are of opinion that comity and an orderly course of procedure required the Surrogate's Court of Westchester county to refuse to entertain the petition herein for the appointment of a guardian of the person on appellant's objection. The Supreme Court and the Surrogate's Court have concurrent jurisdiction in matters pertaining to the appointment of guardians of infants. The general rule is that guardianship of the person of an infant implies the custody and control of the person of an infant. (*Matter of Stillman Infants*, 117 Misc. 61; *Wilcox* v. *Wilcox*, 14 N. Y. 575; *Murphy* v. *Holmes*, 87 App. Div. 366; *Williams* v. *Clarke*, 82 id. 199.) This is not in conflict with *Matter of Lee* (220 N. Y. 532), which recognized the inherent power of the Supreme Court as the guardian of all infants, in a proper case, to take the custody and control of the child from its general guardian. This holding necessarily recognized that in exceptional cases the guardianship of the person does not always under all conditions give absolute right to the custody of the person. Lazansky, P. J., Kapper, Hagarty, Scudder and Tompkins, JJ., concur.