In the Matter of the Petition for the Appointment of a General Guardian for DOROTHY E. THOEMMES, Infant.

ELMER S. THOEMMES, Appellant; GEORGE C. EHDE and Another, Respondents.

Fourth Department, June 8, 1933.

*Harold J. Tillou*, for the appellant.

*Marvin M. Marcus, Jr.*, for the respondent.

EDGCOMB, J. This proceeding was instituted for the appointment of a general guardian of the person and property of Dorothy E. Thoemmes, an infant under the age of fourteen years. Its original purpose, however, was quickly lost sight of, and it has proceeded from the outset as one solely to determine the custody of the child.

Other things being equal, the general guardian of the person of a child is entitled to its custody and control. (*Matter of Yardum,* 228 App. Div. 854, 855.) Consequently, if a general guardian had been appointed by the Special Term, and he or she had been a proper person, the custody of the child in such guardian would have followed, had no further provision been contained in the order. The court failed to appoint any guardian. The order is silent on that subject. The exclusive custody, care and education of the infant, however, was awarded to her maternal grandmother, Louisa R. Ehde, until the child became fourteen years of age.

The mother of the infant is dead. That being so, the father is the natural guardian of the child, and he would be entitled to her custody and control, unless he has forfeited such right by such unfitness of character or such impropriety of life and conduct as to endanger the child's moral welfare, or unless her best interests demanded otherwise. The first concern of the court, in a proceeding involving the custody of a child, is to look to the infant's best interests, moral, physical, social and pecuniary. (*People ex rel. Pruyne* v. *Walts,* 122 N. Y. 238, 241; *People ex rel. Elder* v. *Elder,* 98 App. Div. 244, 245, 246; *Matter of Knowack,* 158 N. Y. 482, 491; *Ullman* v. *Ullman,* 151 App. Div. 419, 421; *Waring* v. *Waring,* 100 N. Y. 570, 572.)

Serious charges have been made against the father, which, if true, would warrant the court in refusing to turn his daughter over to him, or to appoint him as her general guardian.

While the court has found that it is for the best interest of Dorothy to award her custody to her maternal grandmother, the allegations branding the father as unfit to look after the welfare of his child have not been passed upon one way or the other, and until it is ascertained whether these charges are well founded or groundless, no order can properly be made which will deprive him of his legal right to her custody.

It is alleged by the father that the maternal grandmother is not a proper person to look after the welfare of her grandchild, and the court has failed to make any findings upon that subject. This question should also be decided before the infant is turned over to her.

The desires, wants and wishes of both the father and the grandparents have little or no bearing as against the child's best interest.

No witnesses were sworn, and all the court had before it was a mass of unsatisfactory and conflicting affidavits. The truth of the serious charges made on both sides as to the fitness or unfitness of the parties to bring up this young girl cannot be properly determined on so unsatisfactory a record. If that issue is to be decided, the witnesses should be brought before the court, where they can be examined and cross-examined, and where their demeanor and manner of giving testimony can be observed, and the weight which should be given to their evidence can better be determined.

The order, therefore, must be reversed, and the matter remitted to the Special Term, where a general guardian of the infant should be appointed, after hearing the proofs of the various parties, as prayed for in the petition.

The character of the person so chosen is of great importance, because, as before noted, custody ordinarily follows guardianship. If proper care is exercised in this selection, it will doubtless be unnecessary to go further, or to make any separate order at this time relating to the custody of the child.

If it later develops that the best interest of the infant demands that her custody be taken from the guardian and turned over to another, the court has power to make such order as will best serve the welfare of the child.

Guardianship of the person does not under all circumstances and conditions carry with it the absolute right to the custody of the person. (*Matter of Lee*, 220 N. Y. 532, 539; *Wilcox* v. *Wilcox*, 14 id. 575; *Matter of White*, 40 App. Div. 165; affd., 160 N. Y. 685; *Matter of Knowack*, 158 id. 482, 490; *Matter of Welch*, 74 id. 299.)

The order appealed from should be reversed, and the matter remitted to the Special Term for the appointment of a general guardian of the person and property of the infant, and for such order as may be just and proper in the premises.

All concur.

Order reversed on the law and facts, without costs of this appeal to either party and matter remitted to the Special Term for further proceedings in accordance with the opinion.