OPINION OF THE COURT
Bertram R. Gelfand, J.
This is a proceeding for ancillary probate of the will of decedent dated December 8,1971, which will, it is alleged, has been admitted to probate in the Republic of Mexico, the Nation in which decedent was domiciled at the time of his death. The application indicates that decedent possessed real property in both Bronx County and Westchester County.
With commendable candor, petitioner has advised the court that he initially sought to obtain ancillary letters from the Surrogate’s Court, Westchester County. However, when the staff of that court indicated to him that they would require additional documents, he opted to abandon proceeding before that court and to seek relief in Bronx County.
This court does not reach the merits of the application. There is no question that, ab initia, petitioner could have proceeded in either county (SCPA 206 [1]). However, petitioner having exercised his option to proceed in Westchester County, it would constitute an inappropriate countenancing of forum shopping for this court to now entertain the instant application (see, SCPA 206 [2]).
It is well established that, when two courts have concurrent subject matter jurisdiction, once one has exercised jurisdiction in the matter, it should not be entertained by the other (Matter of Tabler, 55 AD2d 207; Dunham v Dunham, 40 AD2d 912; see also, Matter of Moody, 6 AD2d 861). In the instant matter, this court is sensitive to the fact that the application in Westchester *695 County perhaps did not reach the point of a formal application that was denied by judicial act. However, the spirit of the above-cited rule, which is intrinsic to the orderly administration of justice divorced from the pernicious practice of judge shopping, requires that, in the exercise of discretion, this court not entertain a matter that was previously submitted to another court that had jurisdiction over the subject and did not, by its own order, decline jurisdiction without prejudice to petitioner’s proceeding before another forum of his choice. Accordingly, the instant application is dismissed without prejudice to the petitioner pursuing such relief before the Surrogate’s Court, Westchester County, as he deems appropriate.
This decision shall constitute the order of the court.