■ In the Matter of DEBORAH FUSS, Appellant, v RAYMOND NICEFORO, Respondent. (Action No. 1.) [665 NYS2d 781] —Order unanimously affirmed without costs. Memorandum: Petitioner appeals from two orders of Family Court that dismissed her petitions. Petitioner and her former husband had joint custody of their two minor children; he had physical custody. Following his death, his niece and her husband (respondents) commenced a guardianship proceeding in Surrogate's Court and were awarded temporary guardianship. Petitioner commenced these proceedings in Family Court, seeking custody of her children. Family Court did not err in dismissing those petitions. There is a guardianship proceeding pending in Surrogate's Court,

and that court has concurrent jurisdiction with Family Court (*see*, SCPA 1709; *McGaw v Huntington Hosp.,* 89 AD2d 38, 41-42).

Petitioner properly notes that the "extraordinary circumstances" test enunciated in *Matter of Bennett v Jeffreys* (40 NY2d 543, 548; *see also, Matter of Milligan v English,* 132 AD2d 967) must be applied in a custody dispute between a biological parent and a nonparent. Petitioner argues, however, that Surrogate's Court is not required to apply that test. We disagree. Although SCPA 1707 (1) provides that a guardianship decree should be awarded if the court determines that "the interests of the infant will be promoted", this Court has concluded that Surrogate's Court must apply the "extraordinary circumstances" test in guardianship proceedings involving biological parents and nonparents (*Milli v Morreale,* 83 AD2d 173, *lv denied* 55 NY2d 607, *appeal dismissed* 55 NY2d 801; *see also, Matter of Paschen,* 116 Misc 2d 421, 428; Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 1701, at 5). Consequently, the test to be applied is the same in both Surrogate's Court and Family Court.

Petitioner also argues that Family Court has superior support services to assist it in determining custody disputes. That argument is not supported by the record. Surrogate's Court appointed a Law Guardian for the children and also ordered an investigation to be conducted by a social worker. (Appeal from Order of Erie County Family Court, Szczur, J.—Custody.) Present—Pine, J. P., Hayes, Wisner, Callahan and Doerr, JJ.