■ In the Matter of LILLIAN R., an Infant. MARIA EE., Respondent; MICHELE R., Appellant. (And Another Related Proceeding.) [785 NYS2d 770]—

Mugglin, J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered April 4, 2003, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 6 and SCPA article 17, for petitioner's appointment as guardian of Lillian R. and Michael R.

Petitioner is the paternal aunt of the children who are the subjects of these guardianship proceedings. In 1998, the children were found to be neglected by their parents and, pursuant to a consent order of disposition, the children were placed in petitioner's custody and under the supervision of the Ulster County Department of Social Services (hereinafter DSS). Guardianship petitions were filed with Family Court in October 2000 and, following a lengthy trial, by decision dated January 8, 2003, Family Court awarded petitioner guardianship of the two children, subject to therapeutic visitation by the parents.

Respondent, the biological mother, appeals, contending that Family Court's grant of guardianship to petitioner constitutes an invalid termination of parental rights because there has not been a prior finding of abandonment or permanent neglect. Although the initial neglect adjudication was made in 1998, DSS has never instituted permanent neglect proceedings. Instead, the first extension of placement order dated October 27, 1999—as part of the DSS permanency plan—authorized petitioner to file a petition for guardianship on or before October 5, 2000. Thus, respondent asserts that this plan was devised by DSS solely to allow it to avoid complying with the legal duties imposed under Social Services Law § 384-b.

With respect to children adjudicated neglected, DSS must undertake all reasonable steps to preserve the family unit (*see* Social Services Law § 384-b [1] [a] [iii]), and devise a plan to provide the biological parents the services necessary to bring about the elimination of existing impediments to reunification (*see Matter of Sheila G.*, 61 NY2d 368, 385 [1984]). Respondent argues that by devising this plan here, DSS avoids having to institute a proceeding to terminate parental rights, in which it would have to affirmatively plead and prove, by clear and convincing evidence, that it has fulfilled its statutory duty (*see id.* at 373).

We conclude that respondent's contention in this regard has no merit. First, it is notable that the consent order of disposition on the adjudication of neglect did not place custody of the

children with DSS for placement in foster care. DSS was charged with supervision, but custody was placed with petitioner. Moreover, upon consideration of a petition for the extension of placement of a neglected child, the court is required to determine whether the child should be referred for legal guardianship (*see* Family Ct Act § 1055 [b] [iv] [B] [5] [iii]). This remedy is in addition to determining whether the child should be placed for adoption as a result of DSS filing a petition for termination of parental rights (*see* Family Ct Act § 1055 [b] [iv] [B] [5] [ii]). The statute anticipates referral for legal guardianship as an appropriate disposition, a disposition which does not require the institution of permanent neglect proceedings as a condition precedent.

In these proceedings, Family Court appropriately recognized that an award of guardianship of the persons of these children is the functional equivalent of an award of custody and required, as a threshold matter, a showing of extraordinary circumstances (*see Matter of Bennett v Jeffreys,* 40 NY2d 543, 544 [1976]), before determining the best interests of the children (*see Matter of Fuss v Niceforo,* 244 AD2d 858, 859 [1997]). Respondent argues that by following this procedure, Family Court avoided evaluating the fitness of the biological parent, and in the absence of determining this issue either positively or negatively, Family Court could not make a best interest determination. We find no merit in this argument. Although no surrender, abandonment or persistent neglect was demonstrated at trial, it is apparent that sufficient evidence of parental unfitness, constituting other extraordinary circumstances, is present and supports Family Court's determination to move on to the issue of the best interests of the children. Moreover, we note that respondent has not challenged the substantive determinations of Family Court with respect to the existence of extraordinary circumstances or that the best interests of the children require continuation of custody with petitioner.

Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.