■ In the Matter of Patricia M. Marx, Respondent, v Henry J. Tucker, Sr., Appellant, et al., Respondent. [827 NYS2d 773]—

Peters, J.P. Appeal from an order of the Family Court of Schenectady County (Assini, J.), entered August 29, 2005, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of respondents' child.

For the past six years, the child (born in 1999) lived primarily with his father, respondent Henry J. Tucker Sr. (hereinafter respondent), sharing joint legal custody with his mother, respondent Jillian A. Pollack. Petitioner, the maternal grandmother, always exercised liberal visitation as permitted by respondent. In May 2005, she commenced this proceeding seeking sole custody, naming both parents as respondents. On the date of trial, she appeared with counsel. Also present was the Law Guardian and counsel for both parents. While Pollack did not appear because she consented to the maternal grandmother's petition, respondent simply failed to appear. Family Court noted that, while not present for the fact-finding hearing, respondent had been present at prior appearances where the date for trial was set. Determining that it would not grant custody on default, Family Court proceeded to an inquest.

Petitioner described her family's composition, their home and added that she was very familiar with the child's diagnosis of

ADHD since the child's mother had that same condition. She testified that the child takes Adderall and that while she was typically provided with the medication from respondent when she would take him on a weekend, there were times that he could not find it or lost it. As to the child's medical care, in November 2004 petitioner had to take the child for his immunizations when the school advised her, on a pick-up, that he would not be able to return if his immunizations were not updated. Most importantly, petitioner testified that approximately every three to four months, she was asked by the Schenectady County Department of Social Services (hereinafter DSS) to take the child to the doctor to investigate marks found on the child's body while in respondent's care. Once she had the child for 31 days after he disclosed that respondent stomped on his foot, kicked him in the knee and scratched his stomach when he lifted him over a fence. Petitioner was aware that respondent was working with DSS, but was not aware of any services or programs put in place for him. Finally, she testified that during the last three years, she would occasionally find the child's ear to be blood-encrusted due to respondent piercing of his ear. Yet, no infection ever resulted. She also questioned the consistency of the child's grooming since he occasionally "smell[ed] like urine" when she picked him up from respondent's home. No further witnesses were presented.

Despite the contention by both the Law Guardian and respondent's counsel that petitioner failed to demonstrate extraordinary circumstances which would permit a consideration of a change in custody from a parent to a nonparent, Family Court found petitioner to have met her burden. It noted that there were issues with this child and respondent "[b]ack in 2002" and in February 2005, citing to a temporary order of protection against respondent alleging that he hit the child in the head. Family Court further noted that respondent was charged with neglect which was settled on consent, leaving an order of protection until May 2006.[1] Thereafter recounting portions of petitioner's testimony and determining that extraordinary circumstances existed, the court summarily concluded that the child would be safer with petitioner. Respondent appeals.[2]

We have repeatedly emphasized that " '[i]t is fundamental that a biological parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary

1. No such orders were included in this record.
2. A motion for a stay pending an appeal of this order was denied.

circumstances' " (*Matter of Bevins v Witherbee*, 20 AD3d 718, 719 [2005], quoting *Matter of Gray v Chambers*, 222 AD2d 753, 753 [1995], *lv denied* 87 NY2d 811 [1996]). These extraordinary circumstances have been "narrowly categorized" by the Court of Appeals (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 545 [1976]), chiding that "it is not within the power of a court, or, by delegation of the Legislature or court, a social agency, to make significant decisions concerning the custody of children, merely because it could make a better decision or disposition" (*id.*). Under our constitutional precepts, the courts are, therefore, "powerless to supplant parents except for grievous cause or necessity" (*id.* at 546; *see Stanley v Illinois*, 405 US 645, 651 [1972]). In our view, the evidence presented to Family Court failed to show a sufficient history of domestic violence, physical abuse or the like such that petitioner, as a nonparent, could supplant the custody rights of respondent as the biological parent (*see Matter of Campbell v Brewster*, 9 AD3d 620, 622 [2004]; *Matter of Lewis v Johnson*, 302 AD2d 756, 757 [2003]; *Matter of Gray v Chambers, supra* at 754; *compare Matter of Green v Myers*, 14 AD3d 805, 807 [2005]; *Matter of Lillian R.*, 12 AD3d 967, 969 [2004]). In conducting our review of the evidence, we requested a production of the various orders referred to by Family Court regarding respondent's involvement with DSS in both 2002 and 2005. Those orders contained scant detail concerning respondent's conduct, thus precluding intelligent review (*see Matter of McArdle v McArdle*, 1 AD3d 822, 823 [2003]).

For all of these reasons, we withhold decision and remit this matter to Family Court for a further articulation of the extraordinary circumstances underlying its transfer of custody.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision.