In the Matter of MARY S. JODOIN, Respondent, v TODD BILLINGS, Appellant. [843 NYS2d 873]—

Lahtinen, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered December 19, 2005, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of respondent's child.

Respondent and his deceased wife, Jamie Billings, are the parents of a son born in 1997. On June 27, 2005, they left the child in the care of petitioner (Jamie Billings's mother) while they went boating on Lake Champlain. Respondent was operating the boat, with Billings and two others as passengers. Respondent reportedly smoked marihuana and then consumed various alcoholic beverages throughout the excursion. In the dark, early morning hours of June 28, 2005, respondent was operating the boat at a rapid speed—despite repeated urging to slow down—when the boat struck a rocky breakwater. Billings died of injuries sustained in the accident. Respondent was charged with several crimes, including boating while intoxicated and criminally negligent homicide.

The child remained with petitioner following the accident as respondent was hospitalized. Petitioner eventually commenced the current proceeding seeking temporary as well as permanent custody of the child. Family Court awarded petitioner temporary custody with visitation for respondent. A fact-finding hearing followed in which extensive testimony was presented over several days. Respondent, whose criminal trial had not yet commenced,* elected not to testify at the fact-finding hearing. Family Court rendered a written decision finding that respondent was an unfit parent based upon, among other things, his chronic alcoholism, regular use of illegal drugs and repeated domestic violence perpetrated upon Billings. In weighing the best

---

* He was later convicted of criminally negligent homicide for the death of his wife and sentenced to a prison term of 1 to 3 years.

interests of the child, Family Court concluded that petitioner should receive custody with respondent afforded liberal visitation subject to various conditions, including not possessing or using illegal drugs and not consuming alcohol during any visitation or 12 hours prior thereto. Respondent appeals.

It is a settled precept that "a biological parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances" (*Matter of Marx v Tucker*, 36 AD3d 1125, 1126-1127 [2007] [internal quotation marks and citations omitted]; *accord Matter of Bevins v Witherbee*, 20 AD3d 718, 719 [2005]; *Matter of Gray v Chambers*, 222 AD2d 753, 753 [1995], *lv denied* 87 NY2d 811 [1996]). Recognizing that courts are "powerless to supplant parents except for grievous cause or necessity" (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 546 [1976]), the extraordinary circumstances necessary for a nonparent to gain custody over a parent are narrowly construed (*see Matter of Marx v Tucker*, 36 AD3d at 1127). "Only if such extraordinary circumstances are proven will the court examine the best interests of the child" (*Matter of Campbell v Brewster*, 9 AD3d 620, 621 [2004] [citation omitted]). Where, as here, there is conflicting evidence, we typically defer to Family Court's credibility determinations because of its opportunity to view the witnesses (*see Matter of McDevitt v Stimpson*, 1 AD3d 811, 812 [2003], *lv denied* 1 NY3d 509 [2004]).

As detailed in Family Court's decision, respondent has had an acute alcohol problem for years. He was previously before Family Court and was ordered to participate in substance abuse treatment, which he failed to do. His abuse of alcohol ostensibly was a significant factor leading to repeat episodes of violent and grossly irresponsible conduct. When intoxicated, he had attempted to operate a motor vehicle with the child as a passenger. On the date of the fatal boating accident, respondent was intoxicated and one of the passengers was a minor. He used marihuana and cocaine, including smoking marihuana on the date of the accident with the minor passenger (a 16-year-old female). Respondent subjected his wife to verbal and physical abuse, including while the child was present in the home. His wife had sought assistance from STOP Domestic Violence and had obtained a protective order at one time, although the stay away provision was eventually removed with her consent when they reconciled. Despite repeated requests that he slow down (including such pleas by the minor passenger), respondent operated the boat on the subject evening with alleged criminal

negligence that resulted in the death of the child's mother. Considered cumulatively and accepting Family Court's factual findings based on its credibility determinations, we are unpersuaded to set aside its determination of respondent's unfitness.

Next, we consider whether it is in the child's best interests to reside with petitioner. Family Court found petitioner to be a loving and caring person with stable employment. She had regular contact with the child since his birth and the child lived with her following the accident. While Family Court noted some concerns, its conclusion that placing custody with petitioner was in the child's best interests is supported by the record.

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the order is affirmed, without costs.