In the Matter of LISA ANNE BOHIGIAN, Appellant, v BENJAMIN RAYMOND JOHNSON, Respondent. (Proceeding No. 1.) In the Matter of RAYMOND D. HAAG et al., Respondents, v LISA ANNE BOHIGIAN, Appellant, et al., Respondent. (Proceeding No. 2.) [851 NYS2d 302]—

Rose, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered June 6, 2006, which, among other things, granted petitioners' application, in proceeding No. 2 pursuant to Family Ct Act article 6, for custody of the subject child.

After the parents of a child born in 2001 were separated, the

mother, petitioner in proceeding No. 1, ultimately moved to Texas and then Louisiana and, following her divorce from the child's father in 2004, remarried. From June 2003 to the present, the child has resided solely with her paternal great-grandparents, petitioners in proceeding No. 2 (hereinafter petitioners). A Family Court order entered upon the mother's default in January 2004 gave the father sole custody of the child, and he in turn gave his written consent to the child's continuing residence with petitioners. Aware of these arrangements, the mother sought no change in custody when she filed for divorce in August 2004. In September 2005, however, the mother commenced proceeding No. 1 for modification of the prior custody order seeking joint custody and the child's primary residence with her in Louisiana. Petitioners then commenced proceeding No. 2 for custody of the child. Following a combined hearing, Family Court denied the mother's application by granting petitioners sole custody, and this appeal ensued.

It is, of course, well settled that "a biological parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances" (*Matter of Marx v Tucker*, 36 AD3d 1125, 1126-1127 [2007] [internal quotation marks and citations omitted]; *accord Matter of Bevins v Witherbee*, 20 AD3d 718, 719 [2005]; *Matter of Gray v Chambers*, 222 AD2d 753, 753 [1995], *lv denied* 87 NY2d 811 [1996]). Such circumstances can be established, however, where the biological parent has relinquished custody of the child to a nonparent for an extended period of time and failed to utilize the opportunities to visit with the child or resume a parental role (*see e.g. Matter of Bevins v Witherbee*, 20 AD3d at 719-720; *Matter of Isaiah O. v Andrea P.*, 287 AD2d 816, 817 [2001]). Also, where, as here, there is conflicting evidence on the relevant issues, we accord great deference to Family Court's credibility determinations because of its opportunity to view the witnesses (*see Matter of McDevitt v Stimpson*, 1 AD3d 811, 812 [2003], *lv denied* 1 NY3d 509 [2004]).

As in Family Court's decision here, the child has been in the sole custody and care of petitioners for most of her life; the mother acquiesced to this arrangement, moved out of New York and had only short, sporadic visitation with the child during that time. Considering the mother's prolonged absence from the child, and accepting Family Court's factual findings as to the frequency and quality of her visitation based on its credibility determinations, we find that the record supports the court's

conclusion that petitioners demonstrated the extraordinary circumstances necessary for the court to consider their application for custody.

Next, we find ample support in the record for Family Court's conclusion that it is in the child's best interests to reside with petitioners rather than the mother (*see e.g. Matter of McDevitt v Stimpson*, 1 AD3d at 813). Family Court found petitioners to be loving and caring persons with a stable home environment, and the child had strongly bonded with them over the years while residing with them. As to the mother, the court cited her instability in changing residence and employment, her use of marihuana and her sporadic visitation with the child. Family Court also found that the impact on the child of having to move to Louisiana and be separated from petitioners would be too traumatic. We agree with Family Court that the record shows that the mother had consistently relinquished care and control of the child to petitioners to pursue her own interests and failed to fully utilize visitation to maintain a stable parental relationship with the child.

Finally, we reject the mother's contention that it was improper for Family Court to leave the extent of her visitation to the future agreement of the parties rather than specifying a visitation schedule. Given that the mother resides a significant distance from New York, the child is resistant to being away from her great-grandmother and the parties had cooperated in the child's visitation with the mother in New York in the past, we will not fault the court for first attempting to have visitation accomplished by agreement and expressly permitting either party to petition regarding visitation outside of New York if they are unable to agree (*compare Matter of Griffen v Evans*, 235 AD2d 720, 722 [1997]).

Peters, J.P., Carpinello, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.