# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**803**

**CAF 11-01577**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF LINDA M. ALLEN,
PETITIONER-RESPONDENT,

                    V                              MEMORANDUM AND ORDER

SUSAN FIEDLER, RESPONDENT-APPELLANT.

---

LOTEMPIO & BROWN, P.C., BUFFALO (TERRI L. LOTEMPIO OF COUNSEL), FOR
RESPONDENT-APPELLANT.

MICHAEL J. SULLIVAN, FREDONIA, FOR PETITIONER-RESPONDENT.

RICHARD L. SOTIR, JR., ATTORNEY FOR THE CHILD, JAMESTOWN, FOR OLIVIA
M.A.

---

     Appeal from an order of the Family Court, Chautauqua County
(Judith S. Claire, J.), entered August 9, 2011 in a proceeding
pursuant to Family Court Act article 6.  The order, inter alia, denied
the motion of respondent to vacate a stipulation dated June 2, 2011
and a related order entered June 24, 2011.

     It is hereby ORDERED that said proceeding is unanimously
dismissed on the law without costs, and all orders entered therein are
vacated in accordance with the following Memorandum:  Petitioner, the
subject child's maternal aunt, commenced this proceeding seeking to
"modify" a prior order of custody and visitation by awarding her sole
custody of the subject child.  On the scheduled trial date,
respondent, a non-relative and the legal guardian of the child, and
petitioner entered into a stipulation transferring custody of the
child to petitioner.  Family Court approved that stipulation and
entered an order granting petitioner sole custody and physical
placement of the child (modification order).  Thereafter, respondent
moved to vacate the stipulation and modification order and to transfer
this proceeding to Surrogate's Court.  Respondent appeals from the
order that, among other things, denied respondent's motion.  On
appeal, respondent contends, inter alia, that Family Court lacked
jurisdiction to entertain the petition.  We agree.  We conclude that
the proceeding must be dismissed because Family Court lacked
jurisdiction ab initio and all orders entered therein must be vacated.

     As background, we note that the child's parents are both
deceased.  From the child's birth until her mother's death in August
2008, the child resided with the mother.  After the mother's death,
petitioner and the father filed petitions seeking custody of the

child.  Family Court issued an order (prior custody order) awarding custody to the father and visitation to petitioner subject to various conditions.  Thereafter, the father's health began to deteriorate.  In October 2009, the father designated respondent, a family friend, as standby guardian of the child in the event of the father's physical or mental incapacitation or death and, in January 2010, the father executed a last will and testament naming respondent as the child's guardian.

In March 2010, the child began residing with respondent as a result of the father's declining health.  By decree issued in May 2010, Surrogate's Court granted letters of guardianship to respondent, appointing her guardian of the child.  The letters of guardianship "authorize and empower [respondent] . . . to perform all acts requisite to the proper administration and disposition of the person . . . of the [child] in accordance with the decree and the laws of New York State."  The father passed away in August 2010.

Petitioner thereafter commenced this proceeding in Family Court seeking to "modify" the prior custody order on the ground that the father's death constituted a change of circumstances.  The parties entered into a stipulation transferring custody of the child to petitioner, and entitling respondent to one week of visitation with the child each year and telephone contact twice per month.  After Family Court entered the modification order based upon that stipulation, respondent moved to vacate the stipulation and modification order on the grounds of duress, unconscionability, ineffective assistance of counsel, and the best interests of the child and to transfer the matter to Surrogate's Court because that court had previously appointed her as the child's guardian.  Family Court denied respondent's motion, and this appeal ensued.

Both Family Court and Surrogate's Court are courts of limited jurisdiction, with concurrent jurisdiction in certain areas and exclusive jurisdiction in other areas (*see Matter of Aleksander K. v Elena K.*, 2 Misc 3d 1005[A], 2004 NY Slip Op 50156[U], *8; *Matter of Rita N.*, 122 Misc 2d 1, 3; *Matter of Eden M. v Ines R.*, 97 Misc 2d 256, 257; *see also* Family Ct Act § 115).  "Neither court is superior to the other and neither court's order[s] take[ ] priority over the other's" (*Aleksander K.*, 2004 NY Slip Op 50156[U], *8).  Family Court and Surrogate's Court share concurrent jurisdiction over the guardianship of minors (*see Matter of Fuss v Niceforo*, 244 AD2d 858, 858-859; *Matter of Kummer*, 93 AD2d 135, 168), although only Surrogate's Court can appoint a guardian of both the person and the property of the child (*see* SCPA 1701; Family Ct Act § 661; *Baker v Bronx Lebanon Hosp. Ctr.*, 53 AD3d 21, 24).

Where courts have concurrent jurisdiction, "the seemly administration of the law demands that their orders do not conflict" (*Matter of Lee*, 220 NY 532, 539, *rearg denied* 221 NY 542).  Thus, "[i]t is well established that, when two courts have concurrent subject matter jurisdiction, once one has exercised jurisdiction in the matter, it should not be entertained by the other" (*Matter of Walsh*, 128 Misc 2d 694, 694; *see Colson v Pelgram*, 259 NY 370, 375).

Here, in October 2009, the father, the child's only living parent and legal custodian, commenced proceedings in Surrogate's Court to designate respondent as the child's standby guardian in the event of his physical incapacitation or death. SCPA 103 (24) defines "[g]uardian" as "[a]ny person to whom letters of guardianship have been issued by a court of this state, pursuant to this act, the family court act or article 81 of the mental hygiene law." "[L]etters granted by the [Surrogate] are conclusive evidence of the authority of the persons to whom they are granted until the decree granting them is reversed or modified upon appeal or the letters are suspended, modified or revoked by the [Surrogate] granting them" (SCPA 703 [1]). Thus, once Surrogate's Court issued letters of guardianship to respondent in May 2010, she became the child's legal guardian.

Five months after the issuance of the letters of guardianship, petitioner commenced this custody proceeding. While guardianship and custody are separate concepts, "[c]ustody decrees and those appointing a legal guardian of the person create the same sort of relationship between the child . . . and the person to whose care he [or she] is awarded" (Restatement [Second] of Conflict of Laws, § 79 Custody of the Person, Comment *d*). Indeed, in amending the provisions of the Family Court Act and the SCPA in 2008 concerning the legal powers of custodians and guardians of children, the Legislature stated that "there is no substantive difference between the rights and responsibilities of a custodian or guardian of a child" (Assembly Mem in Support, Bill Jacket, L 2008, ch 404). Thus, "[t]he general rule is that guardianship of the person of an infant implies the custody and control of the person of an infant" (*Matter of Yardum*, 228 App Div 854, 855; *see Matter of Thoemmes*, 238 App Div 541, 452; *Matter of Alana M.*, 34 Misc 3d 1202[A], 2011 NY Slip Op 52321[U], *9; *see also* Family Ct Act § 657 [c]).

We conclude that Family Court erred in ignoring the letters of guardianship and the prior decree of Surrogate's Court, and in entertaining the petition inasmuch as Family Court lacked jurisdiction from the outset. Nothing in the Family Court Act permits Family Court to amend or supersede an order of Surrogate's Court, which is in essence what Family Court did when it awarded custody of the child to petitioner despite the letters of guardianship appointing respondent as the child's guardian. SCPA 701 (3) specifically provides that "[n]o court except the court which issues letters [of guardianship] shall have power to suspend, modify or revoke them, so long as the court issuing them has jurisdiction of the estate or matter in which the letters were issued." Family Court therefore lacked authority to act as it did, by in effect revoking the letters of guardianship granted to respondent. Indeed, petitioner should have pursued the matter in Surrogate's Court (*see Fuss*, 244 AD2d at 858-859; *Rita N.*, 122 Misc 2d 1; *cf. Yardum*, 228 App Div at 855).

We further note that, aside from general principles of comity and the first-in-time rule (*see Colson*, 259 NY at 375), Surrogate's Court is the proper forum in which to determine the custody and guardianship of the child in light of the father's designation of respondent as the

child's guardian in his will (*see* SCPA 1701).  A court "cannot disregard the testamentary provisions for guardianship, unless the welfare of the child[] demands it" (*Matter of Lewis's Will*, 74 NYS2d 865, 867; *see Matter of Sapanara*, 89 Misc 2d 956, 960).  Although the father's will had not been submitted to probate prior to commencement of this proceeding, the will was subsequently filed with Surrogate's Court and a probate petition was pending when respondent moved to vacate the modification order.

Entered:  June 29, 2012                        Frances E. Cafarell
                                               Clerk of the Court