■ In the Matter of JENNETTE REY, Appellant, v SYLVESTER SPINETTA III, Respondent. [777 NYS2d 746]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Richmond County (Cohen-Gallet, R.), dated May 2, 2003, which, in effect, dismissed her petition for modification of an order of the same court dated February 10, 2003, which granted the father's petition for permission to relocate with the subject child to North Carolina and modified her visitation schedule, on the ground of forum non conveniens.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Richmond County, for further proceedings consistent herewith.

The parties were divorced by order of the Family Court of South Carolina, Greenville County (hereinafter the South Carolina court), dated June 25, 1997. The South Carolina court awarded custody of the parties' child to the father and visitation rights to the mother. In April 2002, the mother, a New Jersey resident since the divorce, filed a petition in Family Court, Richmond County, for a modification of the custody order of the South Carolina court. In August 2002, the father filed a petition in the Family Court, Richmond County, for permis-

sion to relocate with the child to North Carolina. By order dated February 10, 2003, the Family Court granted the father's petition for permission to relocate with the child to North Carolina and modified the mother's visitation schedule. On or about April 24, 2003, the mother filed a petition for modification of the February 10, 2003, order. The Family Court declined jurisdiction and, in effect, dismissed the petition on the ground of forum non conveniens because neither the parties nor the child reside in New York. We reverse.

The Family Court had jurisdiction to hear the mother's petition for modification pursuant to Domestic Relations Law § 76-a (2) since it would have had jurisdiction for an initial child custody determination under Domestic Relations Law § 76 (1) (d).

Pursuant to Domestic Relations Law § 76-f, a court of this state which has jurisdiction may decline to exercise it if it finds that New York is an inconvenient forum and that a court of another state is a more appropriate forum. However, the court is required to consider the factors set forth in Domestic Relations Law § 76-f (2) (a)-(h) and allow the parties to submit information regarding these factors before determining that New York is an inconvenient forum. There is no indication that the Family Court considered any of the factors. Therefore, although the Family Court had the authority to dismiss the petition, it was an improvident exercise of its discretion to do so without considering the factors set forth in Domestic Relations Law § 76-f (2) (a)-(h) (see Matter of Dawber v Kelly, 287 AD2d 625 [2001]).

Accordingly, we remit the matter to the Family Court, Richmond County, for further proceedings consistent herewith, including development of the facts pertaining to the statutory factors upon which it must make a new determination as to jurisdiction (see Matter of Dawber v Kelly, supra). Santucci, J.P., Smith, Crane and Fisher, JJ., concur.