■ In the Matter of JOSEPH GREENIDGE, Appellant, v JANICE GREENIDGE, Respondent. [792 NYS2d 165]—

In a visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Gonzalez-Roman, R.), dated June 23, 2004, which dismissed the petition for visitation on the ground of lack of jurisdiction.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

According to the father's petition and hearing testimony, the parties were divorced in November 1999 by a judgment of a New York court. The matrimonial court, inter alia, awarded custody of the parties' children to the mother. The mother relocated with the children to the State of Pennsylvania, where they have lived since 2000. On or about May 12, 2004, the father filed the instant petition with the Family Court for visitation.

The Family Court did not have "jurisdiction to make an initial child custody determination" pursuant to Domestic Relations Law § 76, because the children and their mother had lived in Pennsylvania for approximately four years, the Pennsylvania courts would have jurisdiction over the matter, and there was no indication that a court with jurisdiction had declined to exercise it because New York was the more appropriate forum (*see* Domestic Relations Law § 76 [1] [b]). However, under Domestic Relations Law § 76-a (1), a New York State court may have "exclusive, continuing jurisdiction" over a prior child custody determination it made pursuant to Domestic Relations Law § 76. The parties did not dispute that there was a prior child custody determination made by a New York court. The Family Court, however, did not determine whether it had exclusive, continuing jurisdiction pursuant to Domestic Relations Law § 76-a (1). Relevant to that determination, the Family Court did not consider whether the children and their mother lacked a significant connection with New York, or whether substantial evidence was no longer available in New York concerning the children's care, protection, training, and personal relationships (*see* Domestic Relations Law § 76-a [1] [a]). Moreover, the paucity of information in the record precludes a finding that the evidence demonstrated that the mother and children did not have a significant connection to New York or that relevant, substantial evidence is no longer available in New York (*cf.* Domestic Relations Law § 76-a [1] [a]; *Matter of Koch v Andres,* 295 AD2d 609, 610 [2002]).

Even if the Family Court had jurisdiction under Domestic Relations Law § 76-a (1) (a), "[p]ursuant to Domestic Relations Law § 76-f, a court of this state which has jurisdiction may decline to exercise it if it finds that New York is an inconvenient forum and that a court of another state is a more appropriate forum" (*Matter of Rey v Spinetta,* 8 AD3d 393, 394 [2004]). "However, the court is required to consider the factors set forth in Domestic Relations Law § 76-f (2) (a)-(h) and allow the parties to submit information regarding these factors before determining that New York is an inconvenient forum" (*id.* at 394). Because the Family Court did not determine whether it

had exclusive, continuing jurisdiction pursuant to Domestic Relations Law § 76-a, we remit the matter to the Family Court, Kings County, for a determination of that issue, and, if the Family Court determines that it does have exclusive, continuing jurisdiction for a further determination, based on the relevant statutory factors, of whether New York is an inconvenient forum and the courts of another state are a more appropriate forum (*see* Domestic Relations Law § 76-f [2] [a]-[h]). Cozier, J.P., Ritter, Spolzino and Skelos, JJ., concur.