■ In the Matter of LINDA RECARD, Appellant, v ANTHONY POLITE, Respondent. [799 NYS2d 578]—

In a child custody proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Kings County (Chun, J.), dated July 1, 2004, which dismissed the petition to modify a prior order of custody based upon lack of jurisdiction.

Ordered that the order is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

Since the initial child custody determination in this case was

made by the Family Court, Kings County, after a lengthy trial, the court erred in summarily dismissing on jurisdictional grounds the mother's most recent petition to modify a prior order of custody. Instead, the court should have determined whether it retained exclusive, continuing jurisdiction over the custody issue pursuant to Domestic Relations Law § 76-a (1) (*see Matter of Greenidge v Greenidge,* 16 AD3d 583 [2005]; *Stocker v Sheehan,* 13 AD3d 1, 8-9 [2004]; *Matter of Jenkins v Jenkins,* 9 AD3d 633, 634-635 [2004]). If, upon remittal, the court determines that it does retain exclusive and continuing jurisdiction over the custody issue, it may exercise that jurisdiction or, at the request of a party, it may decline to do so if it finds, after considering the factors set forth in Domestic Relations Law § 76-f (2) (a)-(h) and allowing the parties to be heard, that New York is an inconvenient forum and that the courts of Rhode Island are a more appropriate forum (*see Matter of Rey v Spinetta,* 8 AD3d 393, 394 [2004]). Moreover, if the Family Court determines, upon remittal, that it does not retain exclusive, continuing jurisdiction over the custody issue, it must further determine, if requested by a party to do so, whether the facts warrant its exercise of temporary emergency jurisdiction as authorized by Domestic Relations Law § 76-c.

As the record does not indicate that the Family Court considered any of these questions, we reinstate the petition and remit the matter to the Family Court, Kings County, for a new determination of the jurisdictional issue, and for further proceedings consistent herewith. H. Miller, J.P., Cozier, Ritter and Fisher, JJ., concur.