In the Matter of HARRY NORTON, on Behalf of TYLER HARRY NORTON, Appellant, v JAIME SZEWCZYK, Also Known as JAIME SANTANIELLO, Respondent. In the Matter of HARRY NORTON, Appellant, v JAIME SZEWCZYK, Also Known as JAIME SANTANIELLO, Respondent. [893 NYS2d 75]—

In 2002 the parties' child was born in New York. On April 25, 2006 the Family Court, Suffolk County, entered an order, upon the parties' stipulation, which gave the mother sole custody of the child and provided the father with "liberal rights of visitation." Thereafter, the mother relocated with the child to Vermont. At some point, the mother married and her husband wanted to adopt the child. In 2008 the mother and her husband commenced an adoption proceeding in the Vermont Probate Court. The father objected to the adoption proceeding, and, on June 25, 2008, he filed a violation petition in the Family Court, Suffolk County, wherein he alleged that the mother's out-of-state move deprived him of his visitation rights. He also filed a petition for a writ of habeas corpus. The Family Court, in effect, dismissed the petitions without prejudice on the basis that Vermont would be a better forum to determine the issues raised in the petitions. We reverse.

Since the initial child custody and visitation order was made by a New York court, the court should not have, in effect, dismissed the petitions without first determining whether it had exclusive, continuing jurisdiction over the visitation issue pursuant to Domestic Relations Law § 76-a (1) (*see Matter of Recard v Polite*, 21 AD3d 379 [2005]; *Matter of Greenidge v Greenidge*, 16 AD3d 583, 584 [2005]). Relevant to that determination, the court must consider whether the child and his mother lacked a significant connection with New York, or whether substantial evidence was no longer available in New York concerning the child's care, protection, training, and personal relationships (*see* Domestic Relations Law § 76-a [1] [a]). As the parties were not given an opportunity to submit evidence on the issue of jurisdiction, the petitions must be reinstated and the matter remitted to the Family Court, Suffolk County, for a determination on the issue of jurisdiction, and for further proceedings thereafter, if necessary. Covello, J.P., Santucci, Chambers and Lott, JJ., concur.