■ In the Matter of Azza Mohammed Elbakri, Appellant, v Nader M. Farag, Respondent. [895 NYS2d 732]—In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Hepner, J.), dated December 3, 2008, which, inter alia, dismissed her petition to modify a prior order of the same court dated March 8, 2007, awarding the father sole custody of the parties' child, so as to award her sole custody of the child, and dismissed her separate petition to modify the prior custody order so as to award the parties joint custody of the child.

Ordered that the order is modified, on the law, by deleting the provisions thereof dismissing the petition to modify the order dated March 8, 2007, so as to award her sole custody of the child, and dismissing the separate petition to modify the order dated March 8, 2007, so as to award the parties joint custody of the child; as so modified, the order is affirmed, without costs or disbursements, those petitions are reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

As the initial child custody determination in this case was made by the Family Court, Kings County, the court erred in

summarily dismissing, on jurisdictional grounds, the mother's petitions to modify a prior order of custody. Instead, the court should have determined whether it retained exclusive, continuing jurisdiction over the custody issue pursuant to Domestic Relations Law § 76-a (1) (*see Matter of Greenidge v Greenidge*, 16 AD3d 583 [2005]). If, upon remittal, the court determines that it does retain exclusive and continuing jurisdiction over the custody issue, it may exercise that jurisdiction or it may decline to do so if it finds, after considering the factors set forth in Domestic Relations Law § 76-f (2) (a)-(h) and allowing the parties to be heard, that New York is an inconvenient forum (*see Matter of Recard v Polite*, 21 AD3d 379, 380 [2005]; *Matter of Rey v Spinetta*, 8 AD3d 393, 394 [2004]).

The mother's remaining contention is without merit. Fisher, J.P., Angiolillo, Leventhal and Lott, JJ., concur.