In a child custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from stated portions of an order of the Family Court, Kings County (Graham, J.), dated November 19, 2008, which, inter alia, upon relinquishing jurisdiction over the issue of visitation, thereupon dismissed the petition to modify a prior order of the same court dated June 22, 2007, so as to award her certain specified periods of visitation with the subject child.
Ordered that the order dated November 19, 2008, is affirmed insofar as appealed from, without costs or disbursements.
Although the Family Court erred in relinquishing jurisdiction over the issue of visitation and thereupon dismissing the mother’s petition to modify a prior visitation order so as to award her specified periods of visitation with the parties’ youngest child, we affirm the order appealed from due to the lapse of time and the occurrence of subsequent events.
Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, codified in article 5-A of the Domestic Relations Law, a court in this state which has made an initial custody determination has exclusive continuing jurisdiction over that determination until it finds, as is relevant here, that it should relinquish jurisdiction because the child does not have a “significant connection” with New York, and “substantial evidence is no longer available in this state concerning the child’s care, protection, training, and personal relationships” (Domestic Relations Law § 76-a [1] [a]). Here, the subject child moved to Connecticut to live with his father only three months before the mother’s modification petition was filed, and the record reveals that, at that time, the child retained a significant connection to New York, and that substantial evidence was available in this state regarding his present and future welfare (see Vernon v Vernon, 100 NY2d 960, 972-973 [2003]). Furthermore, while a court with continuing exclusive jurisdiction may decline to *715 exercise such jurisdiction “if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum” (Domestic Relations Law § 76-f [1]; see Matter of Elbakri v Farag, 71 AD3d 767 [2010]; Matter of Blerim M. v Racquel M., 41 AD3d 306, 310 [2007]; Matter of Recard v Polite, 21 AD3d 379, 380 [2005]), consideration of the relevant statutory factors (see Domestic Relations Law § 76-f [2]), including the Family Court’s greater familiarity with the facts and issues underlying the mother’s modification petition than the courts of Connecticut, supports a conclusion that New York was not an inconvenient forum (see DeJac v DeJac, 17 AD3d 1066, 1067 [2005]). In addition, although the Family Court communicated with the Connecticut Superior Court, and ascertained that the Connecticut court was willing to exercise jurisdiction before dismissing the modification petition, it erred in failing to provide the parties with an opportunity to participate in its communication (see Domestic Relations Law § 75-i [2]; Matter of Andrews v Catanzano, 44 AD3d 1109, 1111 [2007]).
However, more than 18 months have elapsed since the Family Court relinquished jurisdiction and dismissed the modification petition, and the attorney for the child has advised us that, in the interim, the Connecticut Superior Court entered a judgment of divorce awarding custody of the child to the father and “reasonable,” but unspecified, visitation to the mother. The Connecticut Superior Court’s visitation determination is entitled to full faith and credit, and may not be modified by a court of this state unless the Connecticut court no longer has jurisdiction to modify such determination, or has declined to exercise jurisdiction to modify such determination (see 28 USC § 1738A [h]; Stocker v Sheehan, 13 AD3d 1, 8 [2004]). Since the Connecticut court has retained jurisdiction to modify the visitation determination, and has not declined to exercise such jurisdiction, the Family Court’s order, inter alia, dismissing the petition must be affirmed insofar as appealed from. Fisher, J.P., Dickerson, Eng and Belen, JJ., concur.