■ In the Matter of ANGEL RAMIREZ III, Appellant, v LESLIE GUNDER, Respondent. [968 NYS2d 183]—

In a visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Freundlich, J.), dated August 30, 2012, which declined to sign an order to show cause accompanying his petition to modify visitation, on the ground that, inter alia, there was no showing that the Family Court had jurisdiction pursuant to Domestic Relations Law § 76-a.

Ordered that on the court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.

The Family Court erred in declining to sign the order to show cause accompanying the father's petition to modify visitation (*see Matter of Griffin v Panzarin*, 305 AD2d 601, 602 [2003]). Since the initial visitation determination in this matter was made as part of a stipulation of settlement entered into during the parties' divorce proceedings before the Supreme Court, it was error for the Family Court to summarily decline to sign the order to show cause on jurisdictional grounds. Instead, the Family Court should have signed the order to show cause and then directed the parties to submit evidence on the issue of whether the Family Court retained exclusive, continuing jurisdiction over the visitation issues (*see Matter of Elbakri v Farag*, 71 AD3d 767 [2010]; *Matter of Greenidge v Greenidge*, 16 AD3d 583 [2005]).

If, upon remittal, the Family Court determines, upon a complete examination of the evidence submitted, that it retains exclusive and continuing jurisdiction over the visitation issues, it may exercise that jurisdiction, or it may decline to do so if it determines, upon consideration of the relevant statutory factors, that New York is an inconvenient forum (*see* Domestic Relations Law § 76-a [1]; *Matter of Elbakri v Farag*, 71 AD3d 767 [2010]; *Matter of Greenidge v Greenidge*, 16 AD3d at 583; *Matter of Rey v Spinetta*, 8 AD3d 393, 394 [2004]), or that another statutory basis for declining jurisdiction exists. Skelos, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.