■  In the Matter of MARK WILLIAMS, Appellant, v MARCELLA DAVIS, Respondent. [989 NYS2d 884]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Orange County (Woods, J.), dated July 24, 2013, which dismissed the petition on the ground of lack of jurisdiction.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Orange County, for further proceedings consistent herewith.

The Family Court improvidently exercised its discretion in summarily determining, without a hearing, that it lacked jurisdiction on the basis that its prior order awarding guardianship of the subject child to the child's maternal aunt was "too old." In order to determine whether it lacked exclusive, continuing jurisdiction pursuant to Domestic Relations Law § 76-a (1), the Family Court should have given the parties an opportunity to present evidence as to whether the child had maintained a significant connection with New York, and whether substantial evidence was available in New York concerning the child's "care, protection, training, and personal relationships" (Domestic Relations Law § 76-a [1] [a]; see Matter of Ramirez v Gunder, 108 AD3d 563, 564 [2013]; Matter of Elbakri v Farag, 71 AD3d 767 [2010]; Matter of Greenidge v Greenidge, 16 AD3d 583 [2005]).

Because the Family Court did not determine whether it had exclusive, continuing jurisdiction pursuant to Domestic Relations Law § 76-a, we remit the matter to the Family Court, Orange County, for a determination of that issue. If, upon remittal, the Family Court determines, upon a complete examination of the evidence submitted, that it retains exclusive and continuing jurisdiction over the custody issues, it may exercise that jurisdiction, or it may decline to do so if it determines, upon consideration of the relevant statutory factors, that New York is an inconvenient forum (see Domestic Relations Law § 76-a [1]; Matter of Elbakri v Farag, 71 AD3d 767 [2010]; Matter of Greenidge v Greenidge, 16 AD3d at 583; Matter of Rey v Spinetta, 8 AD3d 393, 394 [2004]), or that another statutory basis for declining jurisdiction exists. Skelos, J.P., Hall, Duffy and Barros, JJ., concur.