■ In the Matter of MILTON A., Respondent, v TRACY H.A., Appellant. [4 NYS3d 10]—

Order, Family Court, Bronx County (Paul A. Goetz, J.),

entered on or about November 13, 2013, which denied respondent mother's motion to dismiss the father's petition for modification of an order of visitation, unanimously affirmed, without costs. Appeal from order, entered on or about January 6, 2014, which, to the extent appealable, denied the mother's motion to renew, unanimously dismissed, without costs, as abandoned.

Family Court properly denied the mother's motion to dismiss the father's modification petition for lack of subject matter jurisdiction, since pursuant to Domestic Relations Law § 76-a (1), New York State maintained exclusive, continuing jurisdiction over the prior child custody determination it made pursuant to Domestic Relations Law § 76 (*see Matter of Greenidge v Greenidge*, 16 AD3d 583 [2d Dept 2005]).

We reject the mother's argument that the July 2011 order did not expressly designate that New York retained exclusive home state jurisdiction. Even in the absence of a provision expressly retaining jurisdiction, the majority of courts have held that "the state in which the initial decree was entered has exclusive continuing jurisdiction to modify the initial decree if: (1) one of the parents continues to reside in the decree state; and (2) the child continues to have some connection with the decree state, such as visitation" (*Stocker v Sheehan*, 13 AD3d 1, 7 [1st Dept 2004] [internal quotation marks and citation omitted]). The court did not make any determination as to whether New York is an inconvenient forum. Rather, it referred the matter to a referee to determine whether the allegations in the mother's affidavit are sufficient to make a determination on whether the court should decline to exercise exclusive continuing jurisdiction over the initial custody determination or whether a hearing is required to make such a determination (*see Matter of Blerim M. v Racquel M.*, 41 AD3d 306 [1st Dept 2007]).

In disputed custody/visitation litigation, the interests of children should be independently represented, and therefore, "the appointment of [an attorney for the child] has been recognized as appropriate and helpful to the court" (*Anonymous 2011-1 v Anonymous 2011-2*, 102 AD3d 640, 642 [2d Dept 2013]; *Koppenhoefer v Koppenhoefer*, 159 AD2d 113, 117 [2d Dept 1990]). However, the court did not err in declining to appoint an attorney for the child, since the record established that the court only addressed the jurisdictional issue before it and did not make any determination as to the merits of the father's petition for modification of the July 2011 order.

No appeal lies from the denial of a motion to reargue (*Espinal*

*v City of New York*, 107 AD3d 411, 412 [1st Dept 2013]). We dismiss as abandoned the mother's appeal from that portion of the court's order denying renewal, since she failed to raise any arguments regarding that aspect of the order on her appeal (*see Cardenas v One State St., LLC*, 68 AD3d 436, 438 [1st Dept 2009]).

We have considered the mother's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Renwick, Moskowitz, Feinman and Kapnick, JJ.