■ TAMIKO PYRONNEAU, Respondent, v JOEL ANTOINE PYRONNEAU, Appellant. [11 NYS3d 881]—

Appeal from an order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), dated February 13, 2013. The order, in effect, denied the father's motion to enforce certain custody provisions of the parties' stipulation of settlement dated April 3, 2012, which was incorporated but not merged into the parties' judgment of divorce entered September 14, 2012, on the ground that California is the home state of the subject children and New York is an inconvenient forum.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The Supreme Court erred in summarily determining that New York is no longer the home state of the parties' children and an inconvenient forum based solely on the fact that the children now live in California with the mother. Since it made the initial custody determination in this case, in deciding whether it lacks exclusive, continuing jurisdiction pursuant to Domestic Relations Law § 76-a (1), the Supreme Court should have given the parties an opportunity to present evidence as to whether the children have maintained a significant connection with New York, and whether substantial evidence is available in New York concerning the children's "care, protection, training, and personal relationships" (Domestic Relations Law § 76-a [1] [a]; *see Matter of Ramirez v Gunder*, 108 AD3d 563, 564 [2013]; *Matter of Elbakri v Farag*, 71 AD3d 767, 767-768 [2010]; *Matter of Greenidge v Greenidge*, 16 AD3d 583 [2005]). Further, before a court can determine that New York is an inconvenient forum for a custody dispute, it is required to consider the factors set forth in Domestic Relations Law § 76-f (2) (a)-(h) and allow the parties to submit information regarding these factors (*see Matter of Elbakri v Farag*, 71 AD3d at 768; *Matter of Recard v Polite*, 21 AD3d 379 [2005]; *Matter of Rey v Spinetta*, 8 AD3d 393, 394 [2004]).

Accordingly, we remit the matter to the Supreme Court, Nassau County, for further proceedings to determine whether it retains exclusive and continuing jurisdiction over the parties' dispute and, if so, whether New York is an inconvenient forum, in accordance with the foregoing (*see Matter of Ramirez v Gunder*, 108 AD3d at 564). Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.