■ In the Matter of LORI ANNE NELSON, Appellant, v CHARLES MCGRIFF et al., Respondents. [15 NYS3d 55]—

Appeal from an order of the Family Court, Kings County (William Franc Perry, J.), dated August 1, 2014. The order dismissed, for lack of jurisdiction, the mother's petition to modify a custody order so as to award her sole custody of the subject child.

Ordered that the order is reversed, on the law, without costs or disbursements, the mother's petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

In 1999, the Family Court, Queens County, issued an order awarding sole custody of the subject child to the maternal grandmother. In 2003, the grandmother relocated with the child to Florida. In August 2014, the mother filed the subject petition in the Family Court, Kings County, to modify the order issued in 1999, so as to award her sole custody of the child, alleging, inter alia, that the child was staying with her in New York after the grandmother had "kicked [the child] out" of her home. In the order appealed from, the Family Court dismissed the mother's petition for lack of jurisdiction, based upon its finding that Florida was the child's "home state."

"Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, codified in article 5-A of the Domestic Relations Law, a court in this state which has made an initial custody determination has exclusive continuing jurisdiction over that determination until it finds, as is relevant here, that it should relinquish jurisdiction because the child does not have a 'significant connection' with New York, and 'substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships' " (*Matter of Miller v Shaw*, 123 AD3d 1131, 1132 [2014], quoting Domestic Relations Law § 76-a [1] [a]). Since it is undisputed that the initial child custody determination was rendered in New York, the Family Court erred in, sua sponte, dismissing the subject petition for lack of jurisdiction, without considering whether it had exclusive, continuing jurisdiction pursuant to Domestic Relations Law § 76-a (1) (*see Matter of Williams v Davis*, 119 AD3d 950 [2014]; *Matter of Elbakri v Farag*, 71 AD3d 767 [2010]; *Matter of Greenidge v Greenidge*, 16 AD3d 583 [2005]), or affording the mother an opportunity to present evidence as to whether the child had maintained a significant connection with New York, and whether substantial evidence was available in New York concerning the child's "care, protection, training, and personal relationships" (Domestic Relations Law § 76-a [1] [a]; *see Matter of Williams v Davis*, 119 AD3d at 950).

Accordingly, we remit the matter to the Family Court, Kings County, for a determination of that issue. If, upon remittal, the Family Court determines, upon a complete examination of the evidence submitted, that it retains exclusive and continuing jurisdiction over the custody issue, it may exercise that jurisdiction, or it may decline to do so if it determines, upon consideration of the relevant statutory factors, that New York is an inconvenient forum (*see* Domestic Relations Law § 76-a [1]; *Matter of Williams v Davis*, 119 AD3d at 950; *Matter of Ramirez v Gunder*, 108 AD3d 563 [2013]), or that another statutory basis for declining jurisdiction exists. Moreover, if, upon remittal, the Family Court determines that it does not retain exclusive, continuing jurisdiction over the custody issue, it must further determine whether the facts warrant its exercise of temporary emergency jurisdiction as authorized by Domestic Relations Law § 76-c (*see Matter of Recard v Polite*, 21 AD3d 379 [2005]). Leventhal, J.P., Miller, Hinds-Radix and Maltese, JJ., concur.