In the Matter of JUSTIN CHARLES LaCOUR, Appellant, v PAULA PUGLISI, Respondent. [47 NYS3d 345]—

Appeal by the father from an order of the Family Court, Suffolk County (Rosann O. Orlando, Ct. Atty. Ref.), dated April 25, 2016. The order dismissed the father's petition to modify the custody and visitation provisions set forth in a prior order of that court dated June 17, 2011, so as to award him residential custody of the parties' child, with supervised visitation to the mother.

Ordered that the order dated April 25, 2016, is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.

On June 17, 2011, the Family Court, Suffolk County, issued an order (hereinafter the custody order) awarding the parties joint legal custody of their child, with residential custody to the mother and visitation to the father. On or about June 15, 2015, the mother filed a petition in Kentucky to enforce the custody order.

In February 2016, the father filed a petition in the Family Court, Suffolk County, seeking to modify the custody order so as to award him residential custody of the child with supervised visitation to the mother. In the order appealed from, the Family Court dismissed that petition on the basis that "there is a case pending in another jurisdiction." We reverse.

Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, codified in article 5-A of the Domestic Relations Law, a court in this state which has made an initial custody determination has exclusive, continuing jurisdiction over that determination until it finds, as is relevant here, that it should relinquish jurisdiction because the child does not have a "significant connection" with New York, and "substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships" (Domestic Relations Law § 76-a [1] [a]; *see Matter of Nelson v McGriff*, 130 AD3d 736, 737 [2015]; *Matter of Miller v Shaw*, 123 AD3d 1131, 1132 [2014]).

Here, it is undisputed that the initial custody determination was rendered in New York. Accordingly, the Family Court erred in summarily dismissing the father's petition on the ground that the mother had commenced a proceeding in Kentucky, without considering whether it had exclusive, continuing jurisdiction pursuant to Domestic Relations Law § 76-a (1) (*see Matter of Nelson v McGriff*, 130 AD3d at 737; *Matter of Elbakri v Farag*, 71 AD3d 767, 767-768 [2010]; *Matter of Greenidge v Greenidge*, 16 AD3d 583, 584 [2005]), and affording the father an opportunity to present evidence as to that issue (*see* Domestic Relations Law § 76-a; *Matter of Miller v Shaw*, 123 AD3d at 1132; *Matter of Williams v Davis*, 119 AD3d 950, 950 [2014]).

Since the Family Court did not determine whether it had exclusive, continuing jurisdiction pursuant to Domestic Relations Law § 76-a, we remit the matter to the Family Court, Suffolk County, for a determination of that issue. If, upon remittal, the Family Court determines, upon a complete examination of the evidence submitted, that it retains exclusive, continuing jurisdiction over the custody issues, it may exercise that jurisdiction, or it may decline to do so if it determines, upon consideration of the relevant statutory factors, that New York is an inconvenient forum (*see* Domestic Relations Law § 76-a [1]; *Matter of Williams v Davis*, 119 AD3d at 950; *Matter of Elbakri v Farag*, 71 AD3d at 768; *Matter of Greenidge v Greenidge*, 16 AD3d at 583), or that another statutory basis for declining jurisdiction exists. Mastro, J.P., Austin, Miller and Maltese, JJ., concur.