Matter of Ralph E.B. v Jovonna K.F. (2019 NY Slip Op 04689)





Matter of Ralph E.B. v Jovonna K.F.


2019 NY Slip Op 04689


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-09897
 (Docket No. G-21639-16/18B)

[*1]In the Matter of Ralph E.B. (Anonymous), appellant,
v
Jovonna K.F. (Anonymous), respondent, Candice B. (Anonymous), respondent-respondent.


Richard L. Herzfeld, New York, NY, for appellant.
Charles Lawson, Brooklyn, NY, for respondent-respondent.
Janet Neustaetter, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Lisa J. Friederwitzer, J.), dated July 11, 2018. The order dismissed the father's modification petition for lack of jurisdiction.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.
The subject child was born in March 2012. In July 2014, joint legal custody was awarded to the parents, with physical custody awarded to the father. On November 21, 2016, upon the parents' consent, the Family Court appointed the father's cousin as the child's legal guardian. In March 2018, the father filed a petition to modify the order of guardianship so as to award him guardianship of the child. When the parties appeared in court, the court determined that it lacked jurisdiction because the child had resided with the guardian in Florida since October 2016. In an order dated July 11, 2018, the court dismissed the petition for lack of jurisdiction. The father appeals.
The Family Court should not have summarily determined, without a hearing, that it lacked jurisdiction on the ground that the child had resided in Florida since October 2016. The court made previous custody determinations in relation to the subject child in conformity with the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act and, therefore, would ordinarily retain exclusive continuing jurisdiction pursuant to Domestic Relations Law § 76-a (see Matter of Williams v Davis, 119 AD3d 950, 950; Matter of Hannah B. [Theresa B.], 108 AD3d 528, 531; Matter of Allen v Fiedler, 96 AD3d 1682, 1684; see also SCPA 1707[2]; Family Ct Act § 661). In order to determine the issue of whether it lacked exclusive continuing jurisdiction pursuant to Domestic Relations Law § 76-a(1), the court should have afforded the parties an opportunity to present evidence as to whether the child had maintained a significant connection with New York, and whether substantial evidence was available in New York concerning the child's "care, protection, training, and personal relationships" (Domestic Relations Law § 76-a[1][a]; see [*2]Pyronneau v Pyronneau, 130 AD3d 707, 708; Matter of Williams v Davis, 119 AD3d at 950; Matter of Ramirez v Gunder, 108 AD3d 563, 564; Matter of Elbakri v Farag, 71 AD3d 767, 767).
Since the Family Court did not determine whether it possessed exclusive continuing jurisdiction pursuant to Domestic Relations Law § 76-a, we remit the matter to the Family Court, Kings County, for a determination of that issue. If, upon remittal, the court determines, upon a complete examination of the evidence submitted, that it retains exclusive continuing jurisdiction over the custody issues, it may exercise that jurisdiction, or it may decline to do so if it determines, upon consideration of the relevant statutory factors and after allowing the parties to be heard, that New York is an inconvenient forum (see Domestic Relations Law § 76-f[1], [2]; Matter of Goode v Sandoval, 171 AD3d 1059, 1060; Matter of Williams v Davis, 119 AD3d at 950; Matter of Elbakri v Farag, 71 AD3d at 767; Matter of Rey v Spinetta, 8 AD3d 393, 394), or that another statutory basis for declining jurisdiction exists.
The guardian's contention that the Family Court should have summarily dismissed the petition on the merits is unpersuasive.
In light of the foregoing determination, we need not address the father's remaining contention regarding the denial of his request for an adjournment.
MASTRO, J.P., RIVERA, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court