Matter of Brinkley v Flood (2019 NY Slip Op 04692)





Matter of Brinkley v Flood


2019 NY Slip Op 04692


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-09898
 (Docket Nos. V-7294-18, V-15350-18)

[*1]In the Matter of Ralph Edward Brinkley, appellant,
v
Jovonna K. Flood, respondent, Candice Brinkley, respondent-respondent. (Proceeding No. 1)
In the Matter of Ralph Edward Brinkley, appellant,
v
Candice Brinkley, respondent-respondent, et al., respondent. (Proceeding No. 2)


Richard L. Herzfeld, New York, NY, for appellant.
Charles Lawson, Brooklyn, NY, for respondent-respondent.
Janet Neustaetter, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Lisa J. Friederwitzer, J.), dated July 11, 2018. The order dismissed the father's custody and parental access petitions for lack of jurisdiction.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petitions are reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.
The subject child was born in March 2012. In July 2014, joint legal custody was awarded to the parents, with physical custody awarded to the father. On November 21, 2016, upon the parents' consent, the Family Court appointed the father's cousin as the child's legal guardian. In March 2018, the father filed a petition seeking custody of the child, and in June 2018, the father filed a petition seeking parental access with the child. When the parties appeared in court on these petitions, the court determined that it lacked jurisdiction because the child had resided with the guardian in Florida since October 2016. In an order dated July 11, 2018, the court dismissed the petitions for lack of jurisdiction. The father appeals.
The Family Court should not have summarily determined, without a hearing, that it lacked jurisdiction on the ground that the child had resided in Florida since October 2016. The court made previous custody determinations in relation to the subject child in conformity with the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act and, therefore, would ordinarily retain exclusive continuing jurisdiction pursuant to Domestic Relations Law § 76-a (see Matter of Williams v Davis, 119 AD3d 950, 950; Matter of Hannah B. [Theresa B.], 108 AD3d 528, 531; Matter of Allen v Fiedler, 96 AD3d 1682, 1684). In order to determine the issue of whether it [*2]lacked exclusive continuing jurisdiction pursuant to Domestic Relations Law § 76-a(1), the court should have afforded the parties an opportunity to present evidence as to whether the child had maintained a significant connection with New York, and whether substantial evidence was available in New York concerning the child's "care, protection, training, and personal relationships" (Domestic Relations Law § 76-a[1][a]; see Pyronneau v Pyronneau, 130 AD3d 707, 708; Matter of Williams v Davis, 119 AD3d at 950; Matter of Ramirez v Gunder, 108 AD3d 563, 564; Matter of Elbakri v Farag, 71 AD3d 767, 767).
Since the Family Court did not determine whether it possessed exclusive continuing jurisdiction pursuant to Domestic Relations Law § 76-a, we remit the matter to the Family Court, Kings County, for a determination of that issue. If, upon remittal, the court determines, upon a complete examination of the evidence submitted, that it retains exclusive continuing jurisdiction over the custody and parental access issues, it may exercise that jurisdiction, or it may decline to do so if it determines, upon consideration of the relevant statutory factors and after allowing the parties to be heard, that New York is an inconvenient forum (see Domestic Relations Law § 76-f[1], [2]; Matter of Goode v Sandoval, 171 AD3d 1059, 1060; Matter of Williams v Davis, 119 AD3d at 950; Matter of Elbakri v Farag, 71 AD3d at 767; Matter of Rey v Spinetta, 8 AD3d 393, 394), or that another statutory basis for declining jurisdiction exists.
The guardian's contention that the Family Court should have summarily dismissed the petitions on the merits is unpersuasive.
In light of the foregoing determination, we need not address the father's remaining contention regarding the denial of his request for an adjournment.
MASTRO, J.P., RIVERA, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court