Matter of Means v Miller (2019 NY Slip Op 06088)





Matter of Means v Miller


2019 NY Slip Op 06088


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2018-03945
 (Docket No. V-29163-08/17E)

[*1]In the Matter of Candie Means, appellant, 
v
Derrick Anthony Miller, Jr., respondent.


Rhea G. Friedman, New York, NY, for appellant.
Janet Neustaetter, Brooklyn, NY (Chai Park of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Jamila Cha-Jua-Lee, Ct. Atty. Ref.), dated March 13, 2018. The order dismissed, for lack of subject matter jurisdiction, her petition to modify an order of the same court (Emily Olshansky, J.), dated March 4, 2010, so as to award her sole legal and residential custody of the parties' child.
ORDERED that the order dated March 13, 2018, is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.
On March 4, 2010, the Family Court issued an order (hereinafter the custody order) awarding the father custody of the parties' child. On or about August 18, 2017, the mother filed a petition to modify the custody order so as to award her sole legal and residential custody of the child. At a court appearance, the mother indicated that she wished to represent herself. The court permitted the mother's assigned counsel to be relieved, with a general caution to the mother that she had a right to counsel and that, if she were to represent herself, she would be held to "the same standards as an attorney." Thereafter, the court summarily dismissed the petition "due to lack of jurisdiction," relying upon certain statements made by a caseworker of the New York City Administration for Children's Services and statements made by the attorney for the child that the child lived in New Jersey.
Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, codified at article 5-A of the Domestic Relations Law, a court of this state which has made an initial custody determination has exclusive, continuing jurisdiction over that determination until it finds that it should relinquish that jurisdiction because "neither the child" nor "the child and one parent" have a "significant connection" with New York, and "substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships" (Domestic Relations Law § 76-a[1][a]; see Matter of Helmeyer v Setzer,173 AD3d 740; Matter of Montanez v Tompkinson, 167 AD3d 616; Matter of LaCour v Puglisi, 147 AD3d 842; Matter of Nelson v McGriff, 130 AD3d 736, 737; Miller v Shaw, 123 AD3d 1131, 1132).
Here, it is undisputed that the initial custody determination was rendered in New York. Nothing on the record before the Family Court established that it had been divested of exclusive, continuing jurisdiction pursuant to Domestic Relations Law § 76-a(1). Therefore, the court erred in summarily dismissing the mother's modification petition (see Matter of LaCour v Puglisi, 147 AD3d at 843; Matter of Nelson v McGriff, 130 AD3d at 737; Matter of Greenidge v [*2]Greenidge, 16 AD3d 583), and not affording the mother an opportunity to present evidence on that issue (see Matter of LaCour v Puglisi, 147 AD3d at 843; Miller v Shaw, 123 AD3d at 1132).
Moreover, the parent of any child seeking custody in any proceeding before the Family Court has the right to the assistance of counsel (see Family Ct Act § 262[a][v]). A party may waive that right and proceed without counsel provided he or she makes a knowing, voluntary, and intelligent waiver of the right to counsel (see Matter of Sauders v Scott, 172 AD3d 724; Matter of Pitkanen v Huscher, 167 AD3d 901, 902; Matter of Graham v Rawley, 140 AD3d 765, 767). In order to determine whether a party has validly waived the right to counsel, a court must conduct a "searching inquiry" to ensure that the waiver has been made knowingly, voluntarily, and intelligently (People v Arroyo, 98 NY2d 101, 103 [internal quotation marks omitted]). A waiver is valid where the party was aware of the dangers and disadvantages of proceeding without counsel (see Matter of Rosof v Mallory, 88 AD3d 802). Here, the Family Court did not conduct a sufficiently searching inquiry to ensure that the mother's waiver of her right to counsel was knowingly, voluntarily, and intelligently made (see Matter of Belmonte v Batista, 102 AD3d 682, 683).
Accordingly, we reverse the order and remit the matter to the Family Court, Kings County, for a determination on the issue of whether the court had exclusive, continuing jurisdiction pursuant to Domestic Relations Law § 76-a. If, upon remittal, the court determines, upon a complete examination of the evidence submitted, that it retains exclusive, continuing jurisdiction over the custody issues, it may exercise that jurisdiction, or it may decline to do so if it determines, upon consideration of the relevant statutory factors, that New York is an inconvenient forum (see Domestic Relations Law § 76-a[1]; Matter of La Cour v Puglisi, 147 AD3d at 843; Matter of Williams v Davis, 119 AD3d 950; Matter of Elbakri v Farag, 71 AD3d 767, 768; Matter of Greenidge v Greenidge, 16 AD3d at 583), or that another statutory basis for declining jurisdiction exists. Further, upon remittitur, the court must conduct an appropriate inquiry as to whether the mother wishes to proceed with or without counsel, and render a new determination thereafter.
RIVERA, J.P., BALKIN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court