Matter of Hodge v Hodges-Nelson (2020 NY Slip Op 02926)





Matter of Hodge v Hodges-Nelson


2020 NY Slip Op 02926


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-02594
 (Docket Nos. V-566-16/18B, V-567-16/18B)

[*1]In the Matter of Tiffany Hodge, appellant,
v
Mary Hodges-Nelson, et al., respondents.


Allan D. Shafter, Port Washington, NY, for appellant.
Salvatore C. Adamo, New York, NY, for respondent Mary Hodges-Nelson.
Heath J. Goldstein, Jamaica, NY, for respondent Walter Wright.
Jennifer E. Reddin, Farmingdale, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Margaret M. Mulrooney, Ct. Atty. Ref.), dated February 13, 2019. The order dismissed, for lack of subject matter jurisdiction, the mother's petition to modify a prior order of the same court (Emily Ruben, J.) dated November 22, 2016, so as to award her sole legal and physical custody of the subject children.
ORDERED that the order dated February 13, 2019, is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith.
On November 22, 2016, the Family Court issued an order (hereinafter the custody order) awarding, inter alia, joint legal custody of the subject children to the mother and the children's godmother, with primary physical custody and final decision-making authority to the godmother. On or about August 3, 2018, the mother filed a petition to modify the custody order so as to award her sole legal and physical custody of the children. In an order dated February 13, 2019, the court dismissed, for lack of subject matter jurisdiction, the mother's petition because the children had resided in Pennsylvania with the godmother since January 2017. We reverse.
Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, codified in article 5-A of the Domestic Relations Law, a court in this State which has made an initial custody determination has exclusive, continuing jurisdiction over that determination until it finds, as is relevant here, that it should relinquish jurisdiction because the child does not have a "significant connection" with New York, and "substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships" (Domestic Relations Law § 76-a[1][a]; see Matter of Nelson v McGriff, 130 AD3d 736, 737; Matter of Miller v Shaw, 123 AD3d 1131, 1132).
Here, it is undisputed that the initial custody determination was rendered in New [*2]York. Accordingly, the Family Court should not have summarily dismissed the mother's petition on the ground that the children had been living with the godmother in Pennsylvania, without considering whether it had exclusive, continuing jurisdiction pursuant to Domestic Relations Law § 76-a (1) (see Matter of LaCour v Puglisi, 147 AD3d 842, 843; Matter of Nelson v McGriff, 130 AD3d at 737), and affording the mother an opportunity to present evidence as to that issue (see Domestic Relations Law § 76-a; Matter of Miller v Shaw, 123 AD3d at 1132; Matter of Williams v Davis, 119 AD3d 950).
Since the Family Court did not determine whether it had exclusive, continuing jurisdiction pursuant to Domestic Relations Law § 76-a, we remit the matter to the Family Court, Queens County, for a determination of that issue. If, upon remittal, the court determines, upon a complete examination of the evidence submitted, that it retains exclusive, continuing jurisdiction over the custody issues, it may exercise that jurisdiction, or it may decline to do so if it determines, upon consideration of the relevant statutory factors, that New York is an inconvenient forum (see Domestic Relations Law § 76-f; Matter of LaCour v Puglisi, 147 AD3d at 843; Matter of Williams v Davis, 119 AD3d at 950), or that another statutory basis for declining jurisdiction exists.
In light of our determination, we decline to reach the mother's remaining contention.
LEVENTHAL, J.P., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court