Matter of Sutton v Rivera (2021 NY Slip Op 07548)





Matter of Sutton v Rivera


2021 NY Slip Op 07548


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LARA J. GENOVESI, JJ.


2021-00499
 (Docket Nos. V-0532-13/19E/19F, V-0533-13/19E/19F)

[*1]In the Matter of Shawn A. Sutton, appellant,
v
Taisha Rivera, respondent.


Austin I. Idehen, Jamaica, NY, for appellant.
Richard Cardinale, Brooklyn, NY, for respondent.
Fred Wertheimer, Brooklyn, NY, attorney for the child Shawnti S.
Deana Balahtsis, New York, NY, attorney for the child Saniyah S.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated January 14, 2021. The order, in effect, granted the mother's motion to dismiss the petitions for lack of continuing jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act or, in the alternative, for forum non conveniens.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County (IDV Part), to expeditiously conduct a hearing and for a new determination of the mother's motion thereafter.
Taisha Rivera (hereinafter the mother) and Shawn A. Sutton (hereinafter the father) have two children in common. In an order dated July 15, 2014 (hereinafter the custody order), the Supreme Court awarded custody to the mother and parental access to the father.
In 2017, the mother, allegedly without the father's permission or prior approval from the court, relocated with the children from New York to Florida. The mother returned to New York in April 2019, at which time she re-enrolled the children in school in New York. In August 2019, the mother, allegedly without the father's permission or prior approval from the court, relocated with the children to Hawaii.
On September 6, 2019, the father filed two petitions. One petition sought, among other things, to enforce the parental access schedule in the custody order. The other petition sought to modify the custody order so as to award physical custody of the children to the father. In October 2020, the mother moved to dismiss the father's petitions on the ground that the Supreme Court lacked continuing jurisdiction or, in the alternative, because New York was an inconvenient forum.
By order dated January 14, 2021, the Supreme Court declined to exercise jurisdiction, determining that New York was an inconvenient forum and a Hawaii court was a more appropriate [*2]forum, and, in effect, granted the motion to dismiss the father's petitions. The father appeals.
The Supreme Court should not have summarily determined, without a hearing, that it lacked exclusive, continuing jurisdiction on the ground that the children had been residing in Florida and Hawaii (see Matter of Ralph E.B. v Jovonna K.F., 173 AD3d 854; Pyronneau v Pyronneau, 130 AD3d 707, 708). The court made the initial custody determination for the children in conformity with the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter UCCJEA) and, therefore, would ordinarily retain exclusive continuing jurisdiction pursuant to Domestic Relations Law § 76-a (see Matter of Ralph E.B. v Jovonna K.F., 173 AD3d at 854; Pyronneau v Pyronneau, 130 AD3d at 708; Matter of Ramirez v Gunder, 108 AD3d 563, 564; Matter of Elbakri v Farag, 71 AD3d 767, 768). In order to determine the issue of whether it lacked exclusive continuing jurisdiction pursuant to Domestic Relations Law § 76-a(1)(a), the court should have afforded the parties an opportunity to present evidence as to whether the children had maintained a significant connection with New York, and whether substantial evidence was available in New York concerning the children's "care, protection, training, and personal relationships" (see Matter of Ralph E.B. v Jovonna K.F., 173 AD3d at 854; Pyronneau v Pyronneau, 130 AD3d at 708; Matter of Ramirez v Gunder, 108 AD3d at 564; Matter of Elbakri v Farag, 71 AD3d at 767).
Further, the Supreme Court should not have summarily determined, without a hearing, that New York was not a convenient forum and that Hawaii was a more appropriate forum. If, upon remittal, the court determines that it does retain exclusive and continuing jurisdiction pursuant to Domestic Relations Law § 76-a, it may exercise that jurisdiction or it may decline to do so if it determines, upon consideration of all of the relevant statutory factors and after allowing the parties to be heard, that New York is an inconvenient forum (see Domestic Relations Law § 76-f[1], [2]; Matter of Ralph E.B. v Jovonna K.F., 173 AD3d at 854; Matter of Elbakri v Farag, 71 AD3d at 768). The court is reminded that the extended time that has passed since the father filed his September 2019 petitions should "not militate in favor of finding that New York is an inconvenient forum" (Matter of Helmeyer v Setzer, 173 AD3d 740, 743), and that the UCCJEA provides a mechanism for taking testimony from outside of New York (see Domestic Relations Law § 75-j).
The father's remaining contentions are either not properly before us or without merit.
HINDS-RADIX, J.P., DUFFY, CONNOLLY and GENOVESI, JJ., concur.

2021-00499 DECISION & ORDER ON MOTION
In the Matter of Shawn A. Sutton, appellant,
v Taisha Rivera, respondent.
(Docket Nos. V-0532-13/19E/19F, V-0533-13/19E/19F)

Motion by the respondent, on an appeal from an order of the Supreme Court, Kings County (IDV Part), dated January 14, 2021, in effect, for leave to enlarge the record on appeal to include certain material. By decision and order on motion of this Court dated August 27, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the motion to enlarge the record to include certain material is denied.
HINDS-RADIX, J.P., DUFFY, CONNOLLY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court