Matter of Holley v Mills (2024 NY Slip Op 01542)

Matter of Holley v Mills

2024 NY Slip Op 01542

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2023-00369
 (Docket Nos. V-1163-14/18J, V-1163-14/22L, V-4-15/18H, V-4-15/22J)

[*1]In the Matter of Michellee Janette Holley, respondent,
v
Abdul H. Mills, appellant.

Lisa A. Manfro, Glen Cove, NY, for appellant.
Linda C. Braunsberg, Staten Island, NY, for respondent.
Liberty Aldrich, Brooklyn, NY (Eva D. Stein and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated December 5, 2022. The order, without a hearing, dismissed, for lack of jurisdiction, the father's petition to modify an order of the same court dated May 31, 2022, so as to award him sole physical custody of the parties' child.
ORDERED that the order dated December 5, 2022, is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
The parties are the parents of a child born in 2012. In November 2018, the Supreme Court granted the mother's application to relocate with the child from New York to Connecticut. In an order dated May 31, 2022, the court awarded sole custody of the child to the mother and suspended the father's parental access upon the father's default in appearing at a scheduled court appearance. The father subsequently filed a petition to modify the order dated May 31, 2022, so as to award him sole physical custody of the child. At a court appearance on December 5, 2022, the court stated, inter alia, that the mother had "relocated to Connecticut years ago" and that "[t]he [c]ourt no longer has jurisdiction." By order dated December 5, 2022, the court, without a hearing, dismissed the father's petition "due to lack of jurisdiction." The father appeals.
The Supreme Court should not have summarily determined, without a hearing, that it lacked jurisdiction on the ground that the child had been residing in Connecticut. The court made previous custody determinations in relation to the child in conformity with the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act and, therefore, would ordinarily retain exclusive, continuing jurisdiction pursuant to Domestic Relations Law § 76-a (see Matter of Sutton v Rivera, 200 AD3d 1048, 1049-1050; Matter of Ralph E.B. v Jovonna K.F., 173 AD3d 854). In order to determine whether it lacked exclusive, continuing jurisdiction pursuant to Domestic Relations Law § 76-a(1)(a), the court should have afforded the parties an opportunity to present [*2]evidence as to whether the child had maintained a significant connection with New York and whether substantial evidence was available in New York concerning the child's "care, protection, training, and personal relationships" (see Matter of Sutton v Rivera, 200 AD3d at 1050; Matter of Ralph E.B. v Jovonna K.F., 173 AD3d at 854; Pyronneau v Pyronneau, 130 AD3d 707, 708).
Accordingly, the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether it retains exclusive, continuing jurisdiction over the parties' dispute (see Matter of Ralph E.B. v Jovonna K.F., 173 AD3d at 855; Pyronneau v Pyronneau, 130 AD3d at 708).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court