Matter of Brandon v Brady (2024 NY Slip Op 01916)

Matter of Brandon v Brady

2024 NY Slip Op 01916

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-02499
 (Docket No. V-2941-14/22D/22E)

[*1]In the Matter of Ophelia Brandon, appellant,
v
Timothy C. Brady, Jr., respondent.

Samuel S. Coe, White Plains, NY, for appellant.
Gloria Marchetti-Bruck, White Plains, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated February 16, 2023. The order dismissed, for lack of jurisdiction, the mother's petition to enforce the parental access provisions of an order of the same court dated July 25, 2019, and the mother's petition, in effect, to modify the order dated July 25, 2019, so as to award her physical custody of the parties' child.
ORDERED that the order dated February 16, 2023, is reversed, on the law, without costs or disbursements, the petitions are reinstated, and the matter is remitted to the Family Court, Orange County, for further proceedings consistent herewith.
The parties are the parents of one child, born in 2009. In an order dated July 25, 2019 (hereinafter the custody order), the Family Court, inter alia, awarded the parties joint legal custody of the child, with physical custody and final decision-making authority to the father and certain parental access to the mother. In July 2022, the mother filed a petition to enforce the parental access provisions of the custody order. In October 2022, the mother filed a petition, in effect, to modify the custody order so as to award her physical custody of the child. In an order dated February 16, 2023, the court, without a hearing, dismissed the mother's petitions for lack of jurisdiction. The mother appeals.
Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, codified at article 5-A of the Domestic Relations Law, a court of this state which has made an initial custody determination has exclusive, continuing jurisdiction over that determination until it finds, as is relevant here, that it should relinquish that jurisdiction because "neither the child" nor "the child and one parent" have a "significant connection" with New York, and "substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships" (Domestic Relations Law § 76-a[1][a]; see Matter of Hodge v Hodges-Nelson, 183 AD3d 825, 825-826; Matter of Means v Miller, 175 AD3d 498, 499).
Here, it is undisputed that the initial custody determination was rendered in New York. Accordingly, the Family Court should not have summarily dismissed the mother's petitions on the ground that the child was living with the father out of state, without considering whether the court had exclusive, continuing jurisdiction pursuant to Domestic Relations Law § 76-a(1), and [*2]affording the mother an opportunity to present evidence as to that issue (see Matter of Sutton v Rivera, 200 AD3d 1048, 1049; Matter of Hodge v Hodges-Nelson, 183 AD3d at 826).
Since the Family Court did not determine whether it possessed exclusive, continuing jurisdiction pursuant to Domestic Relations Law § 76-a, we remit the matter to the Family Court, Orange County, for a determination of that issue.
DUFFY, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court